### IN THE

## SUPERIOR COURT OF JUDICATURE.

#### FOR

## THE COUNTY OF CHESHIRE, MAY TERM,

## A. D. 1827.

---

## SYLVANUS HOLMAN *versus* CYRUS KINGSBURY.

In trespass *de bonis asportatis* the defendant pleaded, first, not guilty, upon which issue was joined ; and secondly, in bar, that he took the goods as the property of a third person by virtue of a writ of attachment and issue was joined on the plaintiff's property in the goods. The jury found, that the goods were the property of the plaintiff at the time of the taking and assessed the damage, whereupon judgment was rendered for the plaintiff. A writ of error being brought, the verdict was held to be imperfect and the judgment reversed for that cause.

THIS was a writ of error upon a judgment of the court of common pleas rendered in this county at September term, 1826.

Kingsbury brought an action of trespass against Holman for taking and converting a waggon belonging to Kingsbury to his own use. Holman pleaded, first, not guilty, on which issue was joined ; second, in bar, that on the 14th November, 1825, he purchased a writ of attachment against one Jared Balster in due form of law and delivered the same to a deputy of the sheriff to be served and that the deputy by virtue of the writ and the defendant as his servant took the waggon as the property of Balster.

To this plea Kingsbury replied that the property of the waggon at the time of the taking was in him the said Kingsbury and not in said Balster, and concluded to the country, and Holman joined the issue.

The jury returned a verdict as follows : " The jury find that the waggon in the plaintiff's declaration mentioned at the time of the taking of the same by the said defendant was not the property of James Balster, but was then and there the property of the plaintiff, in manner and form as the said plaintiff has alleged, and assess damages in the sum of thirty-eight dollars.

Upon this verdict Kingsbury's counsel entered up judgment for the damages, and costs taxed at $25,66.

*J. Parker*, for the plaintiff in error.

There were two issues submitted to the determination of the jury and one only is found ; and the issue found is not sufficient to warrant a judgment in favor of the original plaintiff. The judgment is therefore erroneous. 4 Johns. Rep. 213, *Van Benthuysen* v. *De Witt* ; Coke Litt. 227, *a.* ; Willes Rep. 365, *Broadbent* v. *Wilks* ; Lord Raymond 1521, *Rex* v. *Hayes* ; 4 Mass. Rep. 436, *Brown* v. *Chase* ; 6 Mass. Rep. 2, *Holmes* v. *Wood* ; 1 Day's Rep. 189, *Smith* v. *Raymond*.

If the finding of one issue necessarily determines the other that is sufficient. 10 Mass. Rep. 66, *Porter* v. *Rummery* ; 9 Mass. Rep. 319, *Hodges* v. *Raymond* ; 14 Johns. 84, *Thompson* v. *Button* ; 2 Burr. 698, *Hawkes* v. *Crofton*.

But the point of the first issue cannot be concluded out of this verdict. The waggon might not be the property of Balster, and the plaintiff in the original suit still fail to make out a case. Had the other issue been found, it would have been sufficient, but it is clear that the verdict as found is too imperfect to warrant a judgment.

*Edwards*, for the defendant in error.

RICHARDSON, C. J. It is very clear, that a judgment founded upon an imperfect verdict is erroneous, so that the only question to be determined in this case is, whether all the matter necessary to entitle the plaintiff in the original suit to judgment can be collected from the verdict returned. We have attentively examined the verdict. It is expressly found that the waggon was not the property of Balster, but was the property of Kingsbury ; and we think it may be collected from the finding that Holman took the waggon ; and if from the finding that Holman took the waggon of Kingsbury it must be necessarily inferred that Holman was guilty of a trespass to Kingsbury, the verdict is sufficient.

But no such inference is to be necessarily concluded from the verdict. The waggon may have been the property of Kingsbury and may have been taken by Holman and still no wrong have been done, for which Kingsbury could maintain an action of trespass. The waggon might have been bailed to Balster by Kingsbury for a term of time which had not expired when it was taken, in which case Kingsbury, not having any possession either actual or constructive, could not maintain trespass. 1 N. H. Rep. 110, *Clark* v. *Carlton.* It might possibly have been in the possession of Balster under such circumstances, that although belonging to Kingsbury, it might have been legally taken as the property of Balster.

We are therefore of opinion that the judgment must be reversed, and in order to enable us to render a proper judgment there must be a *venire facias de novo,* and the cause tried at the bar of this court. 2 D. & E. 125,

Davies v. Pierce ; 3 Brod. & Bing. 297, Clement v. Lewis ; 8     Holman
Coke 130, Loveday's case ; 2 Rolle's Ab. 722.                      v.
                                                                Kingsbury.

                                *Judgment reversed.*