A husband is liable for the torts of his wife, committed after the marriage, and in cases where she is sued he must be joined with her in the action.

A judgment in an action of trespass, brought against the wife without joining the husband, is erroneous, and will be reversed on error, notwithstanding it was entered by agreement of the attorney who appeared for her in the defence.

The husband must join in bringing the writ of error.

And where a joint judgment is rendered against the wife and another, they being sued as joint trespassers, the other must also be joined in the writ of error, and the judgment being entire must be reversed as to both.

Error brought to reverse a judgment rendered in the Superior Court, in this County, Nov. term, 1832, against the plaintiffs' Susan Whitmore, and Henry Frary, in an action of trespass, brought against them by the defendant in error.   Judgment was rendered in the original action, against the two defendants, by agreement of the attorney who appeared for them in that suit.

The plaintiffs assigned for error---That before the day of suing out the said original writ of the said Delano, against the said Susan and Henry, and before the giving of the judgment aforesaid, to wit on the 10th day of May, 1824, at Lebanon aforesaid, the said Susan intermarried and took to husband the said Sidney Whitmore, and that she, the said Susan, at the time of suing out the original writ aforesaid, and also at the time of the giving of the

Whitmore
v.
Delano.

judgment aforesaid, was, and still is, covert of the said Sidney Whitmore, then and still her husband.

To this assignment of error there was a demurrer, which was joined.

*Perley* for the plaintiffs in error.

The husband is answerable for all torts and trespasses of the wife, during coverture, in which cases the action must be joint against them both. If the wife alone were sued, it might be the means of making the husband's property liable without giving him an opportunity of defending himself.

A judgment, rendered against a feme covert, without joining the husband, may be reversed by the husband, whether the action against the feme is on contract, or in tort.

The wife herself must plead in abatement, and in some cases cannot give coverture in evidence, nor bring error, but the husband, not being a party to the original action, may, in all cases, bring error. Bac. Abr. Bar. & Feme L. 2 Williams' Saund. 101, e. 2 Sanders on Pl. & Evid. 573 ; 2 Strange, 811 ; 2 Ld. Raym. 1525.

The reasons of the law apply as strongly to an action in tort as on contract, and no distinction can be found in any of the cases. The wife is as little able to defend in tort. The husband's rights are as much bound by such a judgment.

All the parties, against whom a joint judgment has been rendered, must join in a writ of error to reverse it. 3 Mass. Rep. 223 ; 1 Strange, 233 ; 2 Saund. 101, e. ; 2 Sillou, 364 ; 11 Mass. Rep. 385 ; 12 Johns. 434 ; 14 ditto, 425.

*W. Smith* & *D. Blaisdell, Jr.* for the defendant in error.

The trespass alleged in the declaration, was a joint trespass of the said Susan Whitmore and Henry Frary,

and there is no allegation that Sidney Whitmore had any thing to do in the trespass, or was present when it was committed. On the contrary, he was, in fact, and long had been, and now is a prisoner in the common gaol, and the trespass was committed at Lebanon.

There is no doubt that in all cases where the acts of the wife create a liability *ex contractu*, or where a trespass is committed by her under the direction of the husband, or in his company, if the wife is liable at all, it can only be with the husband who must be joined in the suit.

But in this case the husband had no participation in the trespass, and the wife is liable to be sued without joining the husband. In *Sikes* v. *Johnson, & a.* 16 Mass. Rep. 389, the question is settled, that a feme covert is liable in trespass, without joining the husband, for an assault and battery, or for procuring others to commit an assault. Com. Dig. Trespass, C. 1 ; 4 Black. Com. 29. In all cases where the wife offends alone, without the company and coercion of her husband, she is responsible for her offence, as much as any feme sole.

PARKER, J. The husband is liable for the torts of the wife committed after marriage.

There seems to have been some diversity of opinion whether the wife is liable to be sued where the tort is the joint act of the husband and wife, but where the act is done by her alone she is liable, and whenever she is sued for a tort, there seems no doubt that the husband should be joined. Bac. Abr. Bar. & Feme, L. ; Com. Dig. Bar. & Feme, Y ; Bing. Inf. & Cov. 255 ; Reeve's Dom. Rel. 72 ; 1 Chitty's Pl. 81 ; Yelv. Rep. 165, *Draper* v. *Fulkes*; Noy's Rep. 79, *Newman* v. *Cheyney*; Owen's Rep. 48. *Baldwin* v. *Mortin* ; 1 Salk. 114, *Carpenter* v. *Faustin*; Cro. Jac. 203, *Hales* v. *White*; ditto, 661, *Berry et ux* v. *Nevis* ; Cro. Car. 406, *Mayo* v. *Coggeshall* ; ditto, 254, *Rhemes* v. *Humphreys et ux* ; ditto 494, *Perry* v.

Whitmore
v.
Delano.

*Diggs* ; 2 Strange, 1237, *Finch et ux* v. *Dibdin et ux* ; 1 Wils. 149, *Langstaff* v. *Rain et ux* ; Yelv. 106, a. note ; 2 Saund. 47, i. ; 3 N. H. Rep. 66.

Whatever may be the authority of *Sikes* v. *Johnson*, 16 Mass. Rep. 389, upon the point there decided, it does not appear that the husband was not joined in that case.

That the judgment was rendered upon an agreement of the defendants, by their attorney, cannot avail to make the proceedings valid. Susan Whitmore being a feme covert she could not constitute an attorney. 3 Taunton, 261, *Oulds* v. *Sanson* ; 4 D. & E. 362, *Reed* v. *Jewson, cited in Caudell* v. *Shaw* ; 3 B. & Pul. 128, *Maclean* v. *Douglass.* Of course the agreement made by the attorney cannot bind her, or her husband, and he may avoid it by writ of error. Bac. Abr. Error, B. ; 2 Saund. 101, e. *note.*

It does not appear that Frary, the other defendant, if he had been sued alone, might not have been bound by the judgment.

But the judgment is entire, and there is a general consent of authority that in such case all must join in the writ of error, and the judgment be reversed as to all. 6 Co. 25, *Ruddocks case* ; Yelv. 209 ; 1 Strange, 237 ; ditto 606 ; 1 Ld. Raym. 71 ; ditto 328 ; 2 Ld. Raym. 870 ; ditto, 1403 ; 1 Wils. 88 ; 2 Saund. 101, e. *note ;* ditto, 212, a. *note* ; 12 Johns. 434, *Richard & Finney* v. *Walton* ; 14 ditto, 417, *Arnold & a* v. *Sanford* ; 3 Mass. Rep. 223, *Andrews* v. *Bosworth* ; 11 Mass. Rep. 383, *Shirley* v. *Lunenburgh* ; 4 Con. Rep. 190, *Gaylord* v. *Payne.*

If one refuses to join he must be summoned and severed. Cro. Eliz. 892 ; Cro. Jas. 94 ; 2 Strange, 783 ; 2 Saund. 101, f. ; 11 Mass. Rep. 384 ; 8 Johns. 440, (2d ed) *Bradshaw* v. *Callaghan.*

In 3 Burr. 1792, Yates, J. gives as the reason why a writ of error by one alone, upon a judgment against two, is not good, that it is upon account of the inconvenience that would arise from a perpetual delay of the execution, if every defendant might bring a writ of error by himself.

<div style="float:right">Whitmore<br>v.<br>Delano.</div>

The same reason is given in Bac. Abr. Error, B. ; Tidd's Pr. 1054 ; 2 Saund. 101, f.

But the reason given in other cases is that the judgment is entire, and cannot be bad as to one and good against the other ; and this reason will hold good for joining all here, otherwise one might have error and the judgment be affirmed generally, and another upon a separate writ of error afterwards assign a different error, and the judgment be entirely reversed.

There can be no writ of error after affirmance. Rigeway's Rep. 61, *Harris* v. *Burley* ; 2 Strange, 975.

Independent parties to a suit, having several and distinct interests, may have separate writs of error. 10 Mass. 68 ; 11 ditto, 384 ; 9 ditto, 532 ; 9 Cowen, 304 But that is not this case.

*Judgment reversed*