## OLCOTT *vs.* LITTLE.

Where a note was signed " W. S., for himself and G. L.," it was *held* to be a valid signature of both, where authority was shown to execute the note.

Where one, of two or more joint contractors, is without the state, as appears by the officer's return, so that no service can be made upon him, judgment may be rendered against such of the joint contractors as are found within the jurisdiction ; and such judgment remaining unsatisfied is no bar to a subsequent suit, and judgment against the remaining signer, or signers.

THIS is an action of assumpsit against the defendant, as surviving promiser of one William Slyfield.

The first count sets forth a note, dated December 12th, 1828, for the sum of $219.20, alleged to have been " *made by the said Little and Slyfield*," and payable to the plaintiff, or order, on demand, with interest.

The second count is *quantum meruit,* for sawing $200\,m$ feet of pine logs, at the plaintiff's mills, in Lebanon, for said Little and Slyfield, in the lifetime of the said Slyfield, for which the plaintiff claims the sum of $300.

The third count is for money had and received by said Little and Slyfield, to the amount of $200.00.

The cause was tried here upon the general issue, when the plaintiff offered in evidence, under the first count, a note, of which the following is a copy :

" Value received of Mills Olcott, we promise to pay him, ' or his order, two hundred nineteen dollars twenty cents, on ' demand, with interest.                    William Slyfield,

for himself and George Little."

12th December, 1828.

$219.20.

To this the defendant objected, as being inadmissible to sustain said first count ; but this objection was overruled, and the note was admitted.

The defendant then offered a judgment rendered at the superior court of judicature, Grafton co., May term, 1830, in

Olcott
*vs.*
Little.

favor of the said Olcott against the said Slyfield, for damages $237.83, and costs $13.53, upon the same subject matter which is contained in the two first counts of the plaintiff's declaration in this case.

The suit was commenced against said Slyfield and Little, and returnable at the November term, 1829, of said superior court, and the writ was returned, as to said Little, *non est inventus.* Said Slyfield died after said judgment was rendered, and before the present suit was commenced.

The defendant, Little, contended that, under these circumstances, no action could be maintained against him upon these two counts; but the court instructed the jury that the former judgment against Slyfield was no bar to the suit against Little.

A general verdict was returned for the plaintiff, for $171.50 damages; and the defendant moves that this verdict be set aside, and a new trial granted, for misdirection of the court in point of law.

In the first suit against Slyfield and Little the writ bore date the 4th day of November, 1829, and was returnable the first Tuesday of November, then next. It was entered November term, 1829, when Slyfield appeared by his attorney, Jonathan Smith, and the action was continued, by agreement of parties, and defaulted, May term, 1830, and judgment rendered.

*Bell*, for the plaintiff.

*Bellows*, and *Bartlett*, for the defendant.

Upham, J. The first count in the declaration alleges that the note described in the same was made by Little and Slyfield; and it is contended that the note produced in evidence does not sustain that count.

All that is necessary, in a signature to a bill or note, is that it imports to bind, at all events, each person who signs it. *Bayley on Bills* 24; 8 *Pick.* 56, *N. E. Marine Ins.*

*Co.* vs. *DeWolf.* In this case the signature clearly imports to bind both Slyfield and Little, and may be declared on as a note made by them, provided authority is shown to execute the note.

In *Smith* vs. *Jarves*, 2 *Ld. Raym.* 1484, the declaration upon a note drawn by Jarves and Bailey stated, that Jarves, for himself and partner, made his note in writing with his own hand subscribed, whereby he promised for himself and partner to pay. It was objected, on demurrer, that it was not charged that Jarves had signed the note for himself and Bailey ; but the court held it sufficiently evident that Jarves did sign for himself and Bailey, and gave judgment for the plaintiff.

It is further contended, that a right of suit is lost by a previous judgment on this demand against Slyfield. This may be so, in some instances.

It is a well settled rule, that in actions for the breach of a contract, whether in assumpsit, covenant, debt, or case, a verdict or judgment cannot generally be given in a joint action against one defendant without the other. 1 *Chit. Pl.* 31 ; 1 *Bos. & Pul.* 73 ; 12 *East* 93 ; and it is said that where three contract jointly and separately, and the plaintiff sues two, without objection to judgment, he cannot afterwards sue the other, having elected to consider the agreement a joint one. *Hammond on Parties to Actions* 230 ; also, that if judgment is obtained against one of two or more persons, jointly liable in a separate action against him on said contract, the plaintiff cannot afterwards proceed against the parties omitted, but must lose their security. 1 *Ch. Pl.* 29 ; 4 *Com. Dig., Action K*, 4 ; 13 *Mass.* 148, *Ward* vs. *Johnson & al.*

But these cases are all subject to exceptions, wherever the necessity of the case requires a separate suit to be brought. In the present instance a sufficient excuse appears for the several character of the action heretofore brought against Slyfield, so as clearly not to manifest an election to proceed

against him, to the discharge of the present defendant. This excuse arises from the fact that but one of the defendants was within the jurisdiction of the government when the first suit was brought.

In *Tappan* vs. *Bruen*, 5 *Mass.* 193, it is said " to have ' been an immemorial practice, in the service of a writ sued ' on a contract against two or more defendants, if some of ' the defendants are without the jurisdiction of the common- ' wealth, so that their bodies cannot be arrested, and they ' have no usual place of abode within the state, at which ' summons may be left, to cause the writ to be served on the ' defendants within the state only, and to proceed against ' them for the breach of the contract by all the defendants; ' and this practice is declared to be exceedingly convenient, ' from the frequency of the circumstance that joint debtors ' have been found to live in different states; and that, be- ' sides, it is said no injustice is done, because if judgment ' had been rendered against *all* the debtors, the plaintiff ' might have satisfied it out of the defendants against whom ' *in fact* it was recovered."

This doctrine is also holden in *Dennett & al.* vs. *Chick & al.*, 2 *Green.* 191, in Maine; and has long been practiced in this state, and may be regarded as settled here.

Judgment, therefore, having been from necessity rendered against one of the joint signers only in the former suit, it stands in the same situation as where judgment has been rendered in a suit against one signer, where the contract was joint and several; which, while it remains unsatisfied, clearly forms no bar to a suit against the other signer.

*Judgment for the plaintiff.*