## PETTES & ux. *vs.* BINGHAM, Exr.

Every person making a will is presumed to be of sound mind, until the contrary appears; and the burthen of proof is with those who object to the will.

So he is presumed to have knowledge of the contents of the will he has executed; and if it is alleged that he had not knowledge, or that he was induced to execute it by misrepresentation, the *onus probandi* is with those who make the objection.

Although a verdict is informal, and does not find the issue in terms, yet if a finding of the matter in issue may be concluded out of it, it is a sufficient verdict.

APPEAL from a decree of the probate court, allowing and approving of a certain instrument, as the last will and testament of Joel Richards, deceased.

Upon the entry of the appeal, the counsel for the executor moved the court here, that the instrument might be approved and allowed; and the appellants thereupon pleaded, that it ought not to be approved and allowed; 1, because, at the time of making and executing it, said Richards was not of sane mind; 2, because he was induced to execute it by over persuasions, and artful misrepresentations; and, 3, because, at the time of executing it, he did so without reading or knowing its contents.

The executor replied, to the first plea, that at the time of the execution Richards was of sane mind; to the second, that he executed it of his own free mind, with a formal traverse of the matter of the plea; and to the third, that he executed it with a full knowledge and understanding of its contents; and he tendered issues to the country, which were joined by the appellants.

The issues thus framed were transmitted to the common pleas, for trial by the jury, and were subsequently returned, with the following verdict, viz. : " In the case of John Pettes and wife *vs.* James H. Bingham, the jury find, in regard to the first issue, the said Joel Richards, therein named, was of sane mind, for aught that the plaintiffs have made to appear. In regard to the second, the jury do not discover the over persuasion or artful misrepresentations, therein named. And, in regard to the third, they have no evidence that he did not know the contents of the will."

*Phelps* (of Vt.) *& Hubbard,* for the appellants, admitted that the two first issues were well found, but contended that knowledge of the contents of the will was material, and that there was nothing to show that the jury had any evidence that Richards did know the contents—that for aught which appeared they had no evidence either way—and that the court could not resort to presumptions, in aid of the finding of the jury.

*Jos. Bell, Handerson & Freeman,* for the appellee, argued that the matter of the third issue was settled by the facts found on the first and second. If not, the finding of the others rendered that immaterial. It appeared that Richards signed, sealed, published and declared the instrument to be his will ; and that he was sane. He must have known the contents of it.

PARKER, C. J.* It is admitted by the counsel for the appellants, that the first issue is well found by the verdict. It is probably usual, in the probate courts, upon proof of a will, to enquire of the subscribing witnesses whether the testator was of a sound and disposing mind ; but it seems to be well settled that every man is presumed to be sane, until there is some evidence shown to rebut that presumption. 3 *Stark.*

GILCHRIST, J., having been of counsel, did not sit.

*Ev.* 1702; 6 *Cruise Dig.* 15 ; 13 *Ves.* 89, *White* vs. *Wilson ;* 3 *Brown's Ch. R.* 443, *Attorney General* vs. *Parnther.* But if insanity be proved, and a lucid interval is alleged to have existed at the time of the execution of the will, then, it is said, the burthen of proof attaches to the party alleging such lucid interval. 3 *Brown* 443. The burthen of proof was on the appellants to show that the testator was not sane, and the verdict finds substantially that nothing appeared in support of the plea. Taken together, it must be understood as a finding of the jury that the testator was sane, on the evidence before them.

If there was any thing in the latter part of the verdict, upon the first issue, which tended to render it uncertain, or contradictory, it might deserve consideration whether that part must not be rejected as surplusage. *Com. Dig., Pleader S.* 28.

It is not disputed, also, that the verdict is sufficient on the second issue. Like the rest of the verdict, the finding on this is far from being very technical ; but it is a negative to the matter of the second plea. The appellants say, that at the time of making and executing the instrument said Richards was induced so to do by over persuasion, and artful misrepresentations, &c. The replication traverses this, and the jury say they do not discover—the fair interpretation of which is, that they do not find—the matter thus alleged. This negation of the matter of the plea is equivalent to saying they find the testator was not thus induced to execute it. In ancient times there would have been more doubt on this subject, for reasons which will be considered more at large in our observations upon the verdict as it relates to the third issue.

The third plea is, that at the time of executing the instrument, by said Richards, he did so without reading or knowing its contents. The replication says that he executed it with full knowledge and understanding of its contents ; and upon this the issue is taken. It is admitted that so much of the plea as relates to reading, is immaterial, and the verdict finds that the jury have no evidence that he did not know the contents.

Pettes *v.* Bingham.

The first question that arises here, is, whether this is bad for uncertainty. A verdict which is so uncertain, that it cannot be clearly ascertained whether the jury meant to find the issue, or not, is bad. 6 *N. H. Rep.* 518, *Jewett* vs. *Davis ;* 1 *Mason's R.* 170, *Stearns* vs. *Barrett ;* 4 *Greenl. R.* 508, *Brunswick* vs. *McKean ;* 11 *Pick. R.* 45, *Coffin* vs. *Jones ; Com. Dig., Pleader S.* 21.

If there was no way to settle where the burthen of proof lay, this part of the finding must be void for uncertainty. But that is a question of law, which may be settled without the aid of a verdict, and is first to be determined. If the burthen was on the executor to go forward, and offer affirmative evidence of knowledge, on this issue, beyond that furnished by the execution of the instrument itself, this verdict settles nothing. If the appellants have introduced no evidence to satisfy the jury that the testator did not know its contents, it would not follow that the executor had offered any evidence beyond the execution of the will itself, to show that he did have knowledge ; and the matter in issue would thus be left wholly uncertain by the verdict. But the *onus probandi,* on this part of the case, also, was with the appellants. The executor was not bound to offer direct evidence on this point, in the first instance, farther than the production of the will, and the proof of its execution. In order to prove the will, in the probate court, he was bound to show that the testator executed and published it, in the presence of the witnesses. He was not bound to make enquiry of the subscribing witnesses, or of other witnesses, to show that the testator knew the contents of it. That would be presumed from the due execution and publication. The third plea, then, brings in issue something beyond the proof necessary to be offered in the first instance. It was not intended to controvert, under it, that the testator was sane, and consequently had not knowledge. That was the matter of another plea. Nor was this plea intended to deny that he executed and published. That matter has not been controverted on the appeal, and is admitted. Of course

the affirmative is on the party pleading that the testator did not know the contents of what he had thus executed, and the jury find there is no evidence of the fact. The executor, then, was clearly entitled to a verdict on this issue. There is no uncertainty, from this finding, what should have been done ; and the verdict of the jury must be regarded as equivalent to a finding of the fact of knowledge, unless the court are prevented from drawing this conclusion, by something objectionable in the form of it.

But there is here another matter to be considered. The verdict can be construed as a finding that the testator had knowledge, only by an enquiry upon which party lay the burthen of proof. It does not find the fact of knowledge in terms ; but it finds that there was no evidence to the contrary ; and knowledge is to be presumed, until the presumption is rebutted, by evidence, on the part of those who deny the validity of the will.

There are authorities holding that a verdict which finds the matter only by argument and inference, is void. This principle is laid down in *Comyn's Digest, Pleader S.* 22, and several cases are cited. Thus, in debt upon an obligation, where the defendant pleaded that he was layman, and not lettered, and that it was read to him as an acquittance, and so it was not his deed ; and the jury found that the defendant well knew that it was an obligation, and that he gave it voluntarily ; it was held not to be a good verdict, for they ought to find precisely that it was his deed, or not. So, in an action of debt for twenty pounds, the defendant pleaded that he paid the twenty pounds, and the issue was whether paid, or not. A verdict that he owed the twenty pounds was held not good. 2 *Rolle's Abr.* 693. So, in an issue on *non-assumpsit*, a verdict that the plaintiff had sustained fifty shillings damage, by reason of the non-performance of the promise, without expressly finding that the defendant promised, was held bad. *Yelv.* 77, *Shelly* vs. *Alsop. See, also,* 2 *Rolle's*

Pettes *v.* Bingham.

*Abr.* 694; *Cro. Eliz.* 865, *Gramvel* vs. *Rhobotham ; Bac. Abr., Verdict R.*

This principle is referred to, 1 *Mason* 170; but the case was not such as to require a particular investigation of it. And it is supported, 3 *Pick.* 124, *Gerrish* vs. *Train.* Perhaps the decision in *Patterson* vs. *The United States,* 2 *Wheat.* 221, was founded upon the same principle.

If all the cases cited from Rolle's Abridgement, and in Comyn's Digest, are sound, this verdict could hardly be regarded as sufficient. But some of these decisions could not now be supported. There is another principle, which has been recognized here, and is sustained by a great weight of authority. It is laid down in *Foster* vs. *Jackson, Hobart's R.* 54, *a,* that "howsoever the verdict seem to stray, and conclude not formally or punctually unto the issue, so as you cannot find the words of the issue in the verdict, yet if a verdict may be concluded out of it to the point in issue, the court shall work it into form, and make it serve." *Vide, also,* 2 *Bur.* 698, *Hawks* vs. *Crofton ; Com. Dig., Pleader S.* 18—*S.* 26; 1 *Mason* 169; 14 *Johns.* 84, *Thompson* vs. *Button ;* 9 *Mass. R.* 316, *Hodges* vs. *Raymond ;* 10 *Mass. R.* 64, *Porter* vs. *Rummery ; Metcalf's note to Shelly* vs. *Alsop,* Yelv. 78; 4 *N. H. Rep.* 104, *Holman* vs. *Kingsbury.*

If argument must be resorted to, in order to hold that this verdict finds the issue, it is concluded out of the verdict itself, by the mere application of a principle of law relating to the burthen of proof; and it seems well enough, therefore, within the principle last stated. The jury could not have found this verdict, unless the appellants had failed in making proof of their case. It is a direct finding that they did so fail.

Besides, this might be regarded, not as a general verdict, but as a special one, finding that there was no evidence that the testator had not knowledge, and submitting the question of law to the court. Upon that fact, thus found and returned by the jury, the executor would be entitled to judgment; for, if there is no evidence of that, there is no support of the plea,

and nothing on which there could be a verdict for the appellants, on that issue.

Furthermore—Although the matter of the third issue cannot be concluded out of the finding on the other two, as has been argued for the executor, yet the verdict may all be taken together; and thus taken, it is admitted that it finds substantially that the testator was sane, and that he was not induced to execute the instrument by over persuasion and misrepresentation, as is alleged in the first and second pleas. And it finds, also, that there is no evidence that he did not know its contents. The execution itself is not contested, and why then should the instrument not be approved as a will, notwithstanding the verdict, in the language of Hobart, " seems to stray ?"

The presumption of law, under such circumstances, clearly must be, that he had knowledge of what he thus executed and published, as a will, without fraud, and when he was of sane mind; and the jury find there is no evidence to the contrary. The substance of the issue is found.

The appellants have, therefore, failed to sustain themselves on any of the issues; and the decree of the probate court must be affirmed.