# ROCKINGHAM,

## DECEMBER TERM, A. D. 1841.

---

### MERRILL *vs.* COGGILL & a., in Error.

Where an action is brought against two, or more, upon a joint contract, and service is not made upon all, those upon whom the service is made may plead in abatement that the others named in the writ were jointly liable, and within the jurisdiction of the court, so that process might have been served upon them.

The mere fact that some of the defendants named in the writ have not been summoned, and that judgment has been taken against the one on whom service was made, upon his default, is not a ground for a reversal of the judgment.

ERROR, to reverse a judgment, rendered in the common pleas, on default, in an action of assumpsit, brought by the defendants against the plaintiff in error, along with Zacheus Fletcher and Horatio W. Hastings.

The plaintiff assigned for error, 1. That it appears by the record, that the defendants in error, March 14, 1837, sued out a writ against the said Merrill, Fletcher, and Hastings, by the names, additions, and descriptions, of John Merrill of Salem, in the county of Rockingham, and state of New-Hampshire, yeoman; Zacheus Fletcher of Wilton, in our county of Hillsborough, manufacturer, and Horatio W. Hastings of Lowell, in the county of Middlesex, and commonwealth of Massachusetts, manufacturer, formerly copartners in the manufacturing business, transacting the same under the firm of Zacheus Fletcher & Company, returnable, &c.; declaring in said writ against the said Merrill, Fletcher, and Hastings, on a certain supposed promissory note, alleged to contain their joint promise; and that it doth not appear by the record and proceedings aforesaid that the said writ was in any manner served upon the said Zacheus Fletcher, and Horatio W.

Hastings, or either of them, or that any good cause existed why it was not served upon them.

2. That it also appears by the record and proceedings, that the action was entered and prosecuted against the said Merrill, Fletcher, and Hastings, and that they, having been called, did not appear, but made default; and that it appearing to the court that the said Fletcher and Hastings had not been notified of the pendency of said suit, no further proceedings were had against them, but judgment was rendered against the plaintiff in error, &c.

Plea, that there is no error.

*Porter*, for the plaintiff in error. In an action against several, on a joint promise, it is not competent for the plaintiff to take a separate judgment. 5 *Burr.* 290, *Hill* vs. *Goodchild; Ditto* 2614, *Rice* vs. *Shute;* 6 *D. & E.* 199, *Mitchell* vs. *Milbank;* 2 *Ld. Raym.* 1372, *Biggs* vs. *Benger;* 4 *Mass.* 436, *Brown* vs. *Chase.*

The default was against all, and the judgment should have followed it. 14 *Mass.* 252, *Phelps* vs. *Goodman;* 13 *Mass.* 148, *Ward* vs. *Johnson;* 1 *Pick.* 118, *Gibbs* vs. *Bryant;* 15 *Mass.* 196, *Howard* vs. *Howard.* There is nothing to show that service might not have been made on the property of the others in this county, or elsewhere in the state.

The plaintiff was defaulted with the others, and the error took place after the default. He could not therefore plead in abatement.

*James Bell, & Betton,* for the defendant in error. Upon the first error assigned, the court will not reverse the judgment, because it is matter in abatement, and not the foundation of error. It is for want of due service. *Stra.* 193, *Rex* vs. *Kinnersley;* 5 *Dane* 60; 2 *Bac. Abr.* 221; *Cro. Eliz.* 582, *Thoroughgood* vs. *Scroggs;* 10 *Mod.* 166; 12 *Pick.* 169, *Holmes* vs. *Marden.*

As to the second error, the court will presume that the

Merrill *v.* Coggill.

omission to notify and proceed against the two others was on good reason.    11 *Pick.* 244, *Fairfield* vs. *Burt.*

The errors assigned are not of matter to the disadvantage of the plaintiff in error.    2 *Bac. Abr.* 220, *and cases cited ;* 9 *Mass.* 532, *Whiting* vs. *Cochran ;* 5 *Mass.* 196, *Tappan* vs. *Bruen ;* 14 *Wend.* 221, *Eddy* vs. *O'Hara.*

This party had notice of the suit, and might have pleaded. A state of facts may be supposed in which this would be a regular judgment, and the court should therefore presume that those facts existed.

PARKER, C. J.    The defendants in error contend that error will not lie, because the omission, if any, to make further service, and to obtain judgment against all the defendants in the original action, was not disadvantageous to the plaintiff in error.

The application of the rule to this case may be questionable.    If, by its not being disadvantageous to him, it be intended, that in case the others had been summoned, and judgment had been taken against them as well as against the plaintiff in error, the execution upon such judgment might have been levied upon the property of the plaintiff in error, in the same manner it is said it has been done, the fact is so. But it is for the advantage of the plaintiff in error that the judgment be rendered against all persons liable, as he, if he pays, is entitled to contribution, and the record will, in that case, furnish him evidence on which to sustain his action. This may be one of the reasons why the rule has been settled, that a defendant may plead in abatement that others are not joined.

The plaintiff in error, therefore, may be prejudiced if there has been an omission to serve the writ upon any other person who was jointly liable, and within the jurisdiction of the court.

The main question is, whether it appears on the record before us, that there were other parties who might and should

have been served with process, and against whom the defendants in error were entitled to maintain that action, as well as against the plaintiff, whose default admitted a cause of action against himself.

Although others were liable and might have been summoned, and the omission to do so may have been to the prejudice of the plaintiff in error, the time for showing and taking advantage of the omission may have passed, or the matter may not sufficiently appear on the record before us, beyond which we cannot go upon the present occasion.

If the other defendants in that suit had not been joined in the writ, it seems clear that the objection must have been taken in abatement, unless it had appeared on the face of the declaration, or some other pleading of the plaintiff's, that the persons omitted were still living, as well as that they jointly contracted, in which case it is said the party against whom the action is brought may demur, or move in arrest of judgment, or sustain a writ of error. 1 *Chitty's Pl.* 29 ; 2 *Saund.* 291, *c. note, and auth. cited.*

This rule has been extended to cases where a joint demand is offered in evidence under a general count, in an action against one alone. 7 *Cowen's R.* 316, *Williams* vs. *Allen ;* 12 *Pick.* 169, *Holmes* vs. *Marden ;* 9 *Cowen* 45, *Gay* vs. *Cary.*

A plea in abatement for non-joinder is not good without averring that the party is alive. *Com. Dig., Abatement F.* 8.

And upon the filing of a plea in abatement, for the non-joinder of a defendant, under our statute of January 3, 1833, the party omitted may be brought in, by *scire facias,* and made a party to the action. 2 *N. H. Laws* 92.

It is very clear that it is not necessary, in all cases, for the plaintiff to obtain judgment against all the defendants included in the process, whether the action be founded on a tort or a contract. In some cases it is impracticable to do so, even if they are all liable.

No authorities are found which have a direct reference to

Merrill *v.* Coggill.

the mode in which a defendant may take advantage of an omission to make a service upon a co-defendant, named in a writ predicated upon an alleged joint contract. It becomes important, therefore, to ascertain in what case the plaintiff in an action is bound to proceed against all the defendants named, and where he may have judgment against a part of them only, as this may tend to show in what manner his negligence is made to appear, and the mode in which another defendant must take advantage of it for his own relief.

Where judgment is first entered against one joint trespasser, a *nolle prosequi* may be entered as to another. *Hobart's R.* 70, *Parker* vs. *Lawrence.* And it is now settled that in actions founded upon tort, though all the defendants join in the same plea, and all are found guilty, a *nolle prosequi* may be entered as to some, and judgment taken against the rest. 1 *Saund.* 207, *n.* 2, *and auth. cited; Hobart* 70, (*Williams' Ed.*) *note.* It could therefore be no foundation for a writ of error, in an action for a tort, against several defendants, that some of those named had not been served. If the plaintiff might at pleasure enter a *nolle prosequi* against one of several who had been served, he might by the same reason omit to make service on him.

But Mr. Sergeant Williams says, If an action is brought upon any contract, against several defendants, who join in their pleas, and a verdict is found against them, it is apprehended the plaintiff cannot enter a *nolle prosequi* against any of them, because the contract being joint the plaintiff is compellable to bring his action against all the parties thereto, and he shall not by entering a *nolle prosequi* prevent the defendant against whom the recovery has been had, from calling upon the other defendants for a ratable contribution. 1 *Saund.* 207, *a, note.*

There are cases in contract, however, in which it is not necessary that the plaintiff should sustain his suit against all the defendants, nor that he should proceed against all to issue, or even that he should have a service on all.

Merrill *v.* Coggill.

If the defendants sever in their pleas, as where one pleads some matter which goes in his personal discharge, such as *bankruptcy*, or *ne unque executor*, and the like, and not to the action of the writ, the plaintiff may enter a *nolle prosequi* as to him, and proceed against the others. So if the plea in its nature be severable. 1 *Saund.* 207, *b, note;* 1 *Wils.* 89, *Noke & Chiswell* vs. *Ingham.*

The distinction which has been made between matter in discharge which arises after the making of the contract, and matter which shows it was never valid, is not recognized in this and some other states. 6 *N. H. Rep.* 433, *Merriam* vs. *Wilkins; Ditto* 418, *Cate* vs. *Pecker;* 1 *Pick.* 500, *Woodward* vs. *Newhall;* 5 *Johns. R.* 160, *Hartness* vs. *Thompson;* 20 *Johns. R.* 126, *Pell* vs. *Pell.*

The cases in which, at common law, the plaintiff, in a joint action *ex contractu*, may have judgment against part of the defendants only, are said to be exceptions to the general principle. But they furnish a class of cases in which it is not necessary to a valid judgment, in an action on a contract, that it should be entered against all the defendants.

And by our statute of July 4, 1834, in all actions wherein two or more defendants are joined, and it shall be made to appear on trial by confession or otherwise that any of the defendants are not liable, and ought not to have been joined, the defendant improperly joined is to be discharged with costs, and the suit to proceed as if he had not been joined. 2 *N. H. Laws* 160.

Under our statute, then, no defendant, included with others in an action *ex contractu*, has a right to rely upon being discharged unless the suit is sustained against all, even in a case where all are summoned, and there is no matter, as infancy, bankruptcy, &c., in personal discharge.

Nor has he a right to presume that all named in the writ will be summoned. If one live out of the state, so that no service can be made on him, the action may proceed against him who is summoned or taken. 5 *Mass. R.* 196, *Tappan*

Merrill *v.* Coggill.

vs. *Bruen;* 1 *Pick. R.* 118, *Gibbs* vs. *Bryant;* 2 *Greenl. R.* 191, *Dennett* vs. *Chick;* 9 *N. H. Rep.* 259, *Olcott* vs. *Little.*   And judgment in such action, remaining unsatisfied, will be no bar to a subsequent action against the other.

The omission in this case, therefore, to proceed against Hastings, who is described in the process as residing in Lowell, Mass., is not matter of error, nor does it form the ground of an objection in any shape.   In *Gibbs* vs. *Bryant* no service was made on one of the defendants named in the writ, "he being out of the commonwealth," and it was held that, being released, he might be a witness for the other defendant, the court saying " he is no party to the suit, because the writ was not served on him."   If no party to the suit, it cannot be error not to take a judgment against him, even if his default is entered on the record.

Although Fletcher is described on the face of the process as a resident in a town in Hillsborough county, and it does not appear that service might not have been made upon him, it does not, on the other hand, appear that such service could have been made, either on his body or property, and we think this is not to be inferred.   He might have removed, at the issuing of the writ.   It does not appear that he was alive, except that he is described as a defendant, from which it might be inferred that he was supposed to be so when the writ was issued.   He might have died before or after the writ issued.   Nor does it appear that he was in fact jointly liable. The writ treats him as such ; but if he had been summoned he might have been discharged, not only upon a plea of matter in personal discharge, but upon the general merits, also, under our statute, and the action still have proceeded against the plaintiff in error.

There seems, therefore, to be no propriety in holding the judgment against the plaintiff erroneous, merely because Fletcher is named as a joint defendant, and a resident in the state, when there may have been reasons why he was not, and could not have been, summoned, and when, if sum-

moned, judgment might have been against the plaintiff in error alone, or if against both, might have been levied on his property. If Fletcher was jointly liable, the plaintiff has not lost his right of contribution against him.

If it be said that the regular course would have been for some officer in Hillsborough county to have made search, and returned Fletcher and his property not found ; it may be said, on the other hand, that if the plaintiff in error had appeared, and pleaded thatFletcher was jointly liable, and within the jurisdiction of the court so that process might have been served on him, an issue might have been framed on the plea, and the matter tried, whether the plaintiffs in that action should have proceeded against him or not. There seems to be no good reason why such a plea in abatement, for an omission to summon one named, who might have been summoned, would not be a good plea. It bears a strong analogy to a plea in abatement on account of an omission to join.

As a general rule, a man shall never assign that for error which he might have pleaded in abatement, for it shall be accounted his folly to neglect the time of taking that exception. *Bac. Abr., Error K. 5* ; *Carthew* 124, *Čoan* vs. *Bowles ;* 5 *Dane's Abr.* 60.

The question here is not, whether these proceedings are strictly formal, but whether the judgment is erroneous because Fletcher is named as a joint defendant and resident in Hillsborough, and nothing further appears except that he was not found in Rockingham when service was made on the plaintiff, and no further proceedings were had against him. If the fact that he was named as defendant neither shows that he was alive, liable, or within the jurisdiction of the court and might have been summoned, there is nothing on the face of the record to show that a plea in abatement, or any other proceeding, alleging these facts, could have been supported, and how then does any matter of error appear on the record ?

The plaintiff in error, had he himself appeared in that case,

could not have had the action dismissed, by reason of the want of service on Fletcher. 8 *Mass.* 423, *Call* vs. *Hagger & a.* Nor could he have demurred. 1 *Saund.* 291, *a*, *Cabell* vs. *Vaughan, and note* 4. Nor could he have availed himself of the objection on the general issue. *Russell & a.* vs. *Allen & a., cited* 8 *Mass.* 424. Nor could he have moved in arrest of judgment for the reasons before indicated, and because a judgment against him alone might be the proper judgment, and the only one that could have been rendered. In an action against A. upon an obligation by A. & B., after a verdict for the plaintiff he shall have judgment, though upon the declaration it appears that A. & B. sealed it, for perhaps he did not deliver it as his deed. *Com. Dig. Abatement F.* 8; 10 *Mass.* 379, *Converse* vs. *Symmes,* where Sewall, J., says, one defendant cannot take the objection of non-joinder, " either on the general issue, or in arrest of judgment, if the fact becomes apparent upon the record."

We are of opinion, therefore, that if Fletcher was liable, and within the jurisdiction, so that he might have been served, the plaintiff, if he would take advantage of it, should have pleaded it in abatement. The process was well served on him.

*Judgment affirmed.*