## BURT & *a. v.* STEVENS.

A judgment, rendered upon default, against a party who, at the time of the service of the writ, is an inhabitant of this state, and whose goods are attached, but to whom no summons is delivered, and where none is left at his last and usual place of abode, is erroneous, and will be reversed on error for such defective service.

And, where the judgment is entire against several defendants, and is erroneous as to one of them, for the cause aforesaid, it is erroneous as to all the defendants, and may be reversed as to all.

There are cases in which this Court may, upon the reversal of a judgment upon error, render such judgment, as it shall appear might have been rendered in the original action.

Accordingly, where a joint judgment against several, rendered upon default, in an action for an alleged joint liability, was reversed for the cause of a defective service as to one, it was *held*, that the Court might render judgment against the other defendants.

WRIT OF ERROR. The facts necessary to a proper understanding of this case appear in the opinion of the Court.

WOODS, J. This was a writ of error to the Court of Common Pleas, brought to reverse the judgment, rendered upon default, in favor of the defendant in error against the plaintiff in error,

at a term of the Court holden at Haverhill, in the county of Grafton, on the first Tuesday of October, A. D. 1847.

The error assigned, was the alleged want of a proper and legal service of the writ upon Francis Burt, one of the plaintiffs in error, and a consequent want of legal notice to him, of the pendency of the action, prior to the rendition of said judgment. The assignment of errors alleged that the defendant in error brought an action of assumpsit against the plaintiffs in error, returnable at the said October term of said Court, wherein the goods and estate of said Francis Burt were attached, and at the date of the service of the writ, and afterwards, during the time prescribed for the completion of the service of the writ, said Francis Burt resided at Littleton, in this State, and no summons was delivered to him in person, or left at his last and usual place of abode. And upon issue joined in this Court upon the question of fact, it was agreed, and the fact became matter of record, that Francis Burt, at the date of the aforesaid service of the writ, and thereafter, as by him alleged, resided in Littleton, in the county of Grafton. This was plainly an insufficient service of the writ, so far as it relates to Francis Burt. He had no such notice of the pendency of the action as the law provides, and without such notice the judgment as to him was clearly unauthorized and erroneous, and in no way binding upon him. *Skipwith* v. *Hill*, 2 Mass. Rep. 35 ; *Smith* v. *Rice*, 11 Mass. Rep. 507 ; *Gray* v. *Richardson*, 18 Pick. 417.

This judgment was rendered against both of the plaintiffs, and being erroneous as to Francis Burt, for the reason assigned, and being entire, it was erroneous as to the other plaintiff also. The writ of error was properly and necessarily brought in the name of both the plaintiffs, and the judgment must be reversed as to both ; for, by a well settled rule of law, when the erroneous judgment is entire, all those against whom it is rendered must join in the writ of error, and the judgment must be reversed as to all. *Sargeant et al.* v. *French*, 10 N. H. Rep. 444 ; *Whittemore* v. *Delano*, 6 N. H. Rep. 543, and the authorities there cited.

Upon the reversal of this judgment, a motion was made for

the rendition of a judgment in this Court, as upon a default against Barnard Burt, upon whom a proper service had been made, and who had been defaulted in the Court below. It becomes necessary, therefore, to decide the question arising upon that motion. There are cases, in which, upon the reversal of a judgment, this Court may, and it is in fact their duty, to render such judgment as, according to the facts, should have been rendered in the original action. *Hillsborough* v. *Deering,* 4 N. H. Rep. 86; *Holman* v. *Kingsbury,* 4 N. H. Rep. 104; *Ford* v. *Wright,* 7 N. H. Rep. 589; *Sargeant et al.* v. *French,* 10 N. H. Rep. 444, before referred to. The question to be determined then, is, what judgment, upon the facts apparent upon the whole record, might properly have been rendered against Barnard Burt alone. The record shows an action founded upon an alleged joint liability of Francis and Barnard Burt, and both are set up in the writ as being inhabitants of the town of Littleton, in this county. If any evidence is furnished by the allegations of the writ in relation to the residence of both the plaintiffs, it must be regarded as showing it to have been within this State. At least, such must have been the supposition of the person who drew the writ. But by the agreement of the parties upon the issue framed in this Court, and made matter of record, the residence of Francis Burt, at the date of the attachment of his estate, and from that time to the expiration of the period prescribed for the completion of the service of the writ for the Court to which the same was returnable, is conclusively shown to have been within this State. If Francis had lived out of this State, so that no service could have been made upon him, it is well settled that the action might have proceeded against Barnard, and that judgment might well have been rendered against him alone. *Gibson* v. *Bryant,* 1 Pick. 118; *Dennett* v. *Chick,* 2 Greenl. Rep. 191; *Olcott* v. *Little,* 9 N. H. Rep. 259. At the same time, from the fact of the actual residence of Francis within this State, and that a legal service might have been made upon him, it is not conclusively shown that a proper and valid judgment might not have been rendered against Barnard alone.

Even at common law, there are cases in which a plaintiff, in a

joint action, *ex contractu,* may have judgment against a part of the defendants only.  As, where the defendants sever in their pleas, and one pleads matter which goes in personal discharge, as bankruptcy and the like.  *Noke et al.* v. *Ingham,* 1 Wils. 89 ; 1 Saund. 207, b. note.  This is, however, the exception, and not the general rule.  *Pillsbury* v. *Cammett,* 2 N. H. Rep. 283; *Shirreff et al.* v. *Wilks,* 1 East. 48; 1 Chitty's Pl. 48.

By the Revised Statutes, chap. 186, § 19, it is provided, that, " in all actions, where there are two or more defendants, the plaintiff may amend the writ, before the evidence is closed, by striking out the names of one or more of the defendants, on paying their costs up to that time."

It is plain, that, under this statute, it is not the right of any defendant to be discharged, upon the ground that a judgment is not rendered against all who may be joined in the action.  The very object of the statute, is to provide for a judgment against a part only of those who may be joined in an action, and to relieve against the operation of the general rule upon this subject.  And this is now plainly the right of the plaintiff, in every case, where he may apprehend that he may not prevail against all, and seasonably avails himself of the provisions of the statute ; and for aught that appears, the plaintiff might as well ask for the amendment, in a case where the writ is not duly served upon a portion of the defendants, as where it may be so served.  And when so amended, no doubt exists, that he may well proceed against such as are properly served with the process, and who may be liable in the action.  In the present case it does not appear that Francis was ever jointly liable with Barnard, or, if ever liable, that he continued to be so, nor that he had not some good defence personal to himself.  His default, under the circumstances, is no evidence of his liability ; for he had no notice of the suit, neither do the allegations in the writ furnish any evidence of that fact.  Well, then, might the Court below, upon application, upon the facts of the case, have rendered judgment against Barnard only ; for, it appears that Barnard was liable in this action. This is shown by the default.  It is not shown that Francis was

jointly liable with Barnard. It does not appear, then, that Barnard's rights are prejudiced by a judgment against him alone. And when two or more are declared against, as upon a joint contract, or other joint liability, it is in the power of the plaintiff, under the statute, to discharge out of the action, a part of the defendants, and to take judgment against the others; and this seems to be a power to be exercised at his election. The most that can be said in this case is, that Francis Burt did not become properly a party to the original action; that he was not, in fact, legally served with the process, and, so far as appears, was in no way liable in the process, and ought not to have been made a party to it, and we see no valid ground of objection to a judgment against Barnard alone. But we regard the question under consideration as being substantially settled by the case of *Merrill* v. *Coggill*, 12 N. H. Rep. 97. It was there decided that the mere fact, that some of the defendants jointly declared against in the writ, have not been served with the process, although described as resident within this State, and that judgment has been taken against one alone, upon whom service was made, upon his default, furnished no ground for a reversal of the judgment upon error. It was also said, in the opinion in that case, that the objection could not avail, upon a motion in arrest of judgment, but only by a plea in abatement. *Merrill & Fuller* v. *Elliot,* decided at the December term of this Court, 1847, in Merrimack county, was a writ of error, and is an authority in the present case. The error assigned was that no service had been made upon Fuller, and that there had been no waiver of notice by him. Both Merrill and Fuller, at the date of the service of the original action, were inhabitants of and residents within this State. The judgment of the Court below was reversed for this cause, and judgment was thereupon rendered in this Court against Merrill alone. If, then, as appears by the cases cited, a total omission to serve the process upon some of the defendants jointly declared against in the writ, will not constitute any objection to the validity of the judgment rendered against such as may be duly served with the process, it is difficult to see how an attempted service, resulting, as in the present case, in a total failure

20 *

to accomplish the purpose designed, can have the effect to render such a judgment erroneous.

It is the opinion of the Court, therefore, that the joint judgment of the Court of Common Pleas against the plaintiffs be reversed, and that judgment be rendered here against Barnard Burt alone.

*Let judgment be entered accordingly.*

*J. & S. H. Goodall,* for the plaintiffs in error.

*H. A. & W. J. Bellows,* for the defendant in error.