Parker, J.
If the plaintiff in error had appealed from this judgment, which was rendered upon default, he would have had no day in this Court. The rule suggested, if any such exists, [ * 36 ] * could never apply to this case. I think the writ should be supported.
Thatcher, J.
I know no such rule as this stated by Mr. Par sons. I am for sustaining the writ of error.
Sedgwick, J.
If an erroneous judgment, even of our own Court, is shown to us, we reverse it on a writ of error, which is a writ gran table ex debito justitice. If. we are satisfied that the judgment in this case ought not to have been rendered, we are bound to reverse it. Very mischievous consequences may be apprehended from the provision of our statute by which judgment may be rendered on default against a party defendant, who has had no notice of the suit; and I am greatly mistaken if many pernicious frauds have not been practised in this way. I am against the motion.
W. Sullivan for the plaintiff in error.
Dana, C. J.
I take it to have been decided, generally, that where a party has a right of appeal to this Court, and will not avail himself of it, he shall not afterwards be allowed his writ of error. Perhaps the rule has never been extended to a judgment on default, where no personal notice of the suit has been given. But where, after legal notice of the action in the lower court, a defendant suffers himself to be defaulted, he ought not to be permitted to lie by, and, at any time within twenty years, come in and reverse the judgment for a cause of which he might have availed himself in the original suit. In this case the writ is sustained.
Afterwards in this term the defendant in error pleaded in nullo est erratum. The judgment was reversed without argument.(a)

 Vide Rice vs. Smith, 11 Mass. Rep. 512.— Valier vs. Hart, 11 Mass. Rep. 300. — Putnam vs. Churchill, 4 Mass. Rep. 516. — Sed vide Savage vs. Gulliver, 4 Mass. Rep. 171.