## JEREMIAH GAY et al. versus WILLIAM RICHARDSON.

If a writ against two is served on only one of them, and judgment is rendered against both, both must join in a writ of error to reverse the judgment.

Error will not lie to reverse a judgment which might have been appealed from ; but where a judgment is rendered against a defendant who has not had due notice of the suit, he has no opportunity to appeal, and may maintain a writ of error ; and if one of several defendants has had notice, but has neglected to appeal, this will not affect the others.

The statutes of 1797, *c.* 50, and 1828, *c.* 114, requiring the continuance of an action brought against a person out of the State, does not extend to actions commenced before a justice of the peace.

The provision in Revised Stat. *c.* 112, § 14, giving costs to the party prevailing on a writ of error, was *held* not to apply to a judgment reversed after those statutes went into operation, on a writ of error brought before that event.

WRIT of error, dated the 26th of September, 1835, to reverse a judgment rendered by B. Wyman, a justice of the peace. The original action was assumpsit on an account against four defendants, three of whom were styled in the original writ, of Stockbridge, in Vermont, and the fourth, commorant in Woburn, in this county. Property of the four defendants was attached, and a summons was left with the one commorant in Woburn, but no summons was left with the other three, or with any agent for them ; and judgment was rendered, on the return day, against the four, no one of them appearing. The four joined in this writ of error.

*Richardson*, for the defendant in error, moved that the writ

of error might be quashed, on the ground that an appeal was the proper remedy for the other party.

*A. Peabody* and *A. Bartlett*, for the plaintiffs in error.

MORTON J. delivered the opinion of the Court. There is no doubt that the writ was properly and necessarily brought in the name of all the original defendants. All the individuals composing the party who complains of a judgment, must join in a writ of error to reverse it. *Brewer* v. *Turner*, 1 Strange, 233 ; *Cooper* v. *Ginger*, 1 Strange, 606 ; *Walter* v. *Stokoe*, 1 Ld. Raym. 71 ; *Andrews* v. *Bosworth*, 3 Mass. R. 223 ; *Shirley* v. *Lunenburgh*, 11 Mass. R. 383.

It is generally true, that error will not lie to reverse a judgment which might have been appealed from. *Savage* v. *Gulliver*, 4 Mass. R. 178 ; *Champion* v. *Brooks*, 9 Mass. R. 228. But persons who were not notified of the suit, or were incompetent to act, cannot, with any propriety, be said to have had an opportunity to appeal. And, therefore, they may maintain a writ of error. *Skipwith* v. *Hill*, 2 Mass. R. 35 ; *Putnam* v. *Churchill*, 4 Mass. R. 517 ; *Vallier* v. *Hart*, 11 Mass. R. 300.

And although one of the original defendants had notice of the action and might have appealed, yet his neglect cannot bind his co-defendants, who are now obliged to join him in a suit to reverse a judgment against them of which they had no notice.

The service upon one of four defendants, was manifestly insufficient. It might have warranted a judgment against the one upon whom service had been made ; but a joint judgment against all of them is clearly erroneous. *Tappan* v. *Brewer*, 5 Mass. R. 193 ; *Call* v. *Hagger*, 8 Mass. R. 423.

The statutes of 1797, c. 50, § 6, and of 1828, c. 114, do not extend to justices of the peace. But if they did, they have not been complied with in this case. *Arnold* v. *Tourtellot*, 13 Pick. 172.

*Judgment reversed.*

The plaintiffs in error claimed costs, under Revised Stat. c. 112, § 14, which provides that "the party prevailing on a writ of error in any civil action, shall, in all cases, be entitled

Gay
*v.*
Richardson.

to his costs against the adverse party ;" but the Court were of opinion, that as the writ of error was brought before the Revised Statutes went into operation, the case was excepted from that provision by virtue of Revised Stat. *c.* 146, § 5, limiting the effect of the repeal of the acts revised.