Thurman, J.
This is a writ of error to the district court of Morrow county. The plaintiff in error was indicted in Morrow common pleas for resisting a constable, found guilty and sentenced. Upon error, the district court affirmed the sentence, with costs. To reverse this judgment of affirmance the present writ is prosecuted. A motion is made by the attorney general to quash the writ because the writ from the district court to the common pleas was not allowed ; and this appears to be the fact. The consequence, however, as we suppose, should be, not a dismissal of the present suit, but a reversal of the judgment of the district court. One of the ^errors assigned is the affirmance of the judgment of the common pleas, and this assignment is sustained by the fact that the writ to the common pleas had not been allowed. Instead of hearing the case, the district court should have dismissed it. We are not prepared to say that the allowance could be waived. We incline to think it could not. The district court or any judge of the supreme court has power, “on good cause shown, to issue writs of. error.” 50 Ohio L. 69, sec. 13; Curwen’s Stat. chap. —, sec. —. Whether by force of other parts of the statute, a writ of error is not a writ of course, in a civil cause, is a question about which there is a diversity of opinion ; but there is no question but that in a criminal case the writ must be allowed. The power given to issue it is a power to issue it “ on good cause shown," arid it would scorn that the jurisdiction of the court depends upon its being allowed. Be this as it may, however, the record shows no waiver. There was no express waiver, nor was a plea or joinder filled by ¡the state. It is true the parties, by their attorneys, appeared and *163 argued the cause ; but, for aught that is shown by the record, the very objection in question may have been insisted on.
It may be said that, if the district court had no jurisdiction, its judgment is a nullity, and there is nothing to reverse. But the cases are numerous of judgments reversed because the courts rendering them lacked jurisdiction. 2 Mass. 35; 11’Mass. 507.
We notice in the record that the cause was heard on the original papers. /This was an irregularity. The statute authorizing the original papers to be certified upon error, applies only to civil cases.
The judgment of the district court must be reversed; and as this is done for the reason above stated without regard to the other points, the parties will stand as if no writ of error to the common pleas had ever issued. It will be time enough to determine whether the common pleas erred when a writ of error shall have been allowed.

Judgment of the district court reversed.