SAMUEL T. AND LAURA S. WESTON, *in Error, versus*
MOSES G. PALMER *& als.*

A judgment rendered against husband and wife — if in the original writ and
record there is nothing to indicate the existence of that relation — will not
be reversed on writ of error, because the action could have been defended
on the ground that the contract sued on was made by the wife during cov-
erture, if they had notice of the suit, neglected to make the defence and
submitted to a judgment on default.

ON AGREED STATEMENT OF THE CASE by the parties.

WRIT OF ERROR to reverse a judgment obtained by the
defendants in error against the plaintiffs in error, at the term
of this Court for the county of Cumberland, in October,
1858, and rendered the 29th day of November, 1858. The
writ is dated November 16, 1861.

The errors assigned are : —

1. That the said Laura, long before the purchase of said
writ, to wit, at Augusta aforesaid, on the first day of July,
1850, intermarried with and took to husband the said Sam-
uel T., and, at the time of the purchase of the said writ,
and also at the time of giving the judgment aforesaid was,
and yet is, covert of the said Samuel T., then and yet her
husband.

2. That the said Laura, at the time of the purchase of
said writ, was the wife of the said Samuel, and ever since
has been, and it is not alleged in said writ that the cause of
action therein declared on was a contract of the said Laura,
entered into before her said marriage with the said Sam-
uel T.

Plea, *in nullo est erratum.*

*J. H. Drummond,* for the plaintiffs in error.

*Howard & Strout,* for the defendants in error.

The opinion of the Court was drawn up by

WALTON, J. —The suit of *Palmer & als.* v. *Samuel T.*

and *Laura S. Weston*, was commenced June 25, 1858. Judgment was rendered on default, at the October term following. The record discloses no error. It was an ordinary action of assumpsit on an alleged joint promise of the defendants. Laura is not described as a *feme covert*. She is sued as a *feme sole*. Both defendants bear the same surname; yet, for aught that appears in the writ, they may have been brother and sister, or entire strangers. There is no allusion to the fact that they were husband and wife. No incapacity is disclosed on the part of either to bind themselves by a joint promise; nothing to show that either was exempt from such a suit; that either was under any disability to defend it; or that they did not have due notice of its pendency. In fact the record discloses nothing of which the Court could have taken notice to deprive the plaintiffs of their judgment.

The defendants in that suit now say, that the judgment against them was erroneous and ought to be reversed, because at the time of the making of the alleged promise, and also when the suit was commenced, Laura was the wife of the other defendant, and therefore not capable of binding herself by such a promise and not liable to be joined in a suit upon it. These errors, not being discoverable by the record, are not errors *in law*, but errors *in fact;* and, for the purpose of testing their sufficiency, it is to be assumed under the pleadings that they are stated truly.

Are these alleged errors sufficient to authorize and require a reversal of the judgment? It is an old and well established rule of law, founded in reason and supported by authority, that nothing can be assigned for error *in fact*, which the party might have pleaded to the action, but neglected so to do. The law requires vigilance; and when a party has once had his day in Court, a fair opportunity to make a defence, and has neglected so to do, it will be regarded as waived; and a defence once waived, cannot be recalled, when the other party, influenced thereby, has so changed his situation that he cannot be placed in *statu quo*.

" A *feme covert*, sued alone, may plead in abatement; but it must be pleaded, and cannot be assigned for error. * * * Generally, if a *feme covert* is joined, where she ought not to be, or omitted, when she ought to be joined, it will be good cause of abatement, *if pleaded.*" Story's Plead., 21. "Nothing can be assigned for error, which the party might have pleaded to the action, and had proper time so to do.". Story's Plead., 367. "A man shall never assign that for error which he might have pleaded in abatement, for it shall be accounted his own folly to neglect the time of taking that exception." 3 Bou. Bacon, 375. "Nothing of which the party could have taken advantage in the Court below can be assigned for error *in fact.* * * * It cannot be necessary to discuss a point of practice uniformly established, and resting on the soundest reason." *Wetmore* v. *Plant*, 5 Conn., 541.

In *Skipwith* v. *Hill*, 2 Mass., 35, Chief Justice DANA says, — "I take it to have been decided, *generally*, that where a party has a right of appeal to this Court, and will not avail himself of it, he shall not afterwards be allowed his writ of error. Perhaps the rule has never been extended to a judgment on default, where no personal notice of the suit has been given. *But where, after legal notice of the action in the lower Court*, a defendant suffers himself to be defaulted, he ought not to be permitted to lie by, and, at any time within twenty years, come in and reverse the judgment *for a cause of which he might have availed himself in the original suit.*" In that case the judgment was reversed, because the defendant had had no notice of the suit, as appears by the remarks of Mr. Justice SEDGWICK. The rule is now well settled that a writ of error will not lie, where the party has had an opportunity to *appeal.* The rule is not applicable to cases where the defendant is an infant, or a person *non compos mentis*, for such persons are regarded as incapable of appealing, or doing any other act necessary to protect themselves against a groundless suit; nor does it apply to suits where there has been no legal service of the

writ. In *Hemmenway* v. *Hicks*, 4 Pick., 497, the counsel for the defendant in error moved to dismiss the writ, on the ground that the right to file exceptions was equivalent to a right to appeal. The Reporter says that the Court *appeared* to lean against the motion, and thereupon the counsel proceeded to argue other points in the case. But, in a recent case in New Hampshire, (*Peebles* v. *Rand*, 43 N. H., 337,) the Court held directly, that " a writ of error does not lie, where the party can avail himself of a bill of exceptions." The right of appeal is a bar to a writ of error, because it is a more speedy, cheap and convenient mode of correcting errors; and it is difficult to perceive why the same reasoning will not apply with equal force to the right to file exceptions; and why the latter right should not bar a writ of error equally with the former. This Court held, in *Lord* v. *Pierce*, 33 Maine, 350, that error does not lie to reverse a judgment of the District Court rendered upon default, if the action was in its nature appealable, and if no cause be shown why the defendant did not appear and answer. Chief Justice SHEPLEY remarked that—" writs of error have been sustained, where the plaintiffs in error have been defaulted in the original actions; but not in cases in which they chose voluntarily to suffer a default to be entered."

Authorities have been cited to show, that when a judgment is recovered against the wife, in a suit in which the husband is not a party, he may bring a writ of error to reverse it. Such is undoubtedly the law, for the judgment against the wife affects the husband, and, not being a party to the suit, he had no opportunity to defend it. But this furnishes no reason for reversing a judgment to which the husband is a party; for in such cases he should make his defence in the original suit.

The principle then seems to be well established, and it is believed that no case can be found in conflict with it, that when a person of legal capacity has had due notice of a suit against him, and has had a fair opportunity to defend it, but has voluntarily neglected so to do, and suffered judgment

to go against him by default, he cannot afterwards maintain a writ of error to reverse it, for any objection which was open to him in the suit before judgment.

In this case the husband and wife were both sued. Both had an opportunity to defend. Neither was under any disability. By the statutes then and still in force, a married woman could prosecute and defend suits at law or in equity for the preservation and protection of her property, as if unmarried; or she could do it jointly with her husband. (R. S., c. 61, § 3.) These provisions are unquestionably broad enough to authorize a married woman to defend a suit, the fruits of which, if not defended, would be an execution running directly against her property. Why then did they suffer themselves to be defaulted? Their learned counsel, in his very able argument, says that it cannot be denied that, if the original suit had been defended, it could not have been maintained; that the coverture of Laura would have been a defence. Then why did they not defend it? The presumption is, that for some reason satisfactory to themselves, they did not wish at that time to make such a defence, and chose to waive it. They now claim that, because they then had a legal defence, (it may well be doubted whether it was an equitable one,) which they chose not to avail themselves of, the judgment is erroneous and ought to be reversed. We think otherwise. They have had their day in Court. They have once had a fair opportunity to try the same questions which are now presented. They chose not to avail themselves of it, and the law will not allow them another.                    *Writ dismissed.*

APPLETON, C. J., DAVIS, KENT and DICKERSON, JJ., concurred.