ARTHUR L. HERSEY, In Error *vs.* FREDERICK L. WEEMAN.

Cumberland.    Opinion May 2, 1921.

*A writ of error maintainable to reverse a judgment when judgment debtor has been defaulted without service upon him, or appearance by or for him.    But if defendant has been duly served with process and had opportunity to protect his rights by appeal or by exceptions, and has failed or neglected to do so, he can not afterwards raise the same questions upon a writ of error.    R. S., Chap. 82, Sec. 97, is a declaration of the forum, and not a declaration giving choice of procedure.*

The provisions of R. S., Chap. 82, Sec. 97, relating to the re-examination of final judgments in the Superior Courts, upon writ of error or petition for review, is a declaration of the forum in which writs of error and petitions for review may be maintained, and not a declaration giving a choice of procedure.

A judgment debtor, who has been defaulted without service upon him, or appearance by or for him, may maintain a writ of error to reverse the judgment.

But when a defendant has been duly served with process and has had full opportunity to protect his rights by appeal or by exceptions, and has failed or neglected to do so, he cannot afterwards raise the same questions upon a writ of error.

So, where, as in the present case, the plaintiff in error had been defaulted in the original suit, without service upon him, or appearance by or for him, and at a subsequent term filed a motion that the cause be brought forward and the judgment vacated, which motion was denied, a writ of error to reverse the judgment cannot be maintained; the plaintiff in error, having had opportunity to protect his rights by exceptions to the ruling denying his motion, and having neglected so to do, cannot be permitted to raise the same questions by writ of error.

On exceptions by plaintiff in error.    This is an action by writ of error brought by plaintiff to reverse a judgment rendered against him in the Superior Court in the County of Cumberland at the December term, 1919, alleging that the defendant in the original action, being the plaintiff in error in this action, was defaulted in the original action because he did not appear and answer in the original action in which said judgment was rendered.    Certain alleged errors in the proceedings and judgment of the Superior Court were set out in the writ of

error, and defendant appeared and demurred specially to each assignment of error, and the demurrer after a hearing was sustained by the court, to which ruling the plaintiff excepted. Exceptions overruled. Demurrer sustained.

The case is stated in the opinion.

*Clinton C. Palmer,* for plaintiff.

*Edmund P. Mahoney, and Albert E. Anderson,* for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, MORRILL, JJ.

MORRILL, J. The plaintiff seeks to reverse a judgment rendered against him in favor of the defendant in error at the December term, 1919, in the Superior Court of Cumberland County, and in his writ specifies two alleged errors. The case is before us upon exceptions to a ruling sustaining a demurrer.

The *first* specification of error is that the Superior Court had no jurisdiction to render the judgment in question "because the writ in said action and upon which said judgment was based was not served on said Hersey in the manner provided by law and the statutes in such case made and provided, or at all, and said Hersey had not appeared in said action." To this specification the defendant in error demurs and for ground of demurrer alleges "that the plaintiff in error has alleged causes of error which would have entitled him, the said plaintiff in error, to a remedy by review, and that as a matter of law, his writ of error is insufficient, because a remedy by review is open to him."

This contention of the defendant in error may be stated thus, that a judgment debtor, who has been defaulted without service upon him or appearance by or for him, cannot maintain a writ of error to reverse the judgment, but must have recourse to proceedings in review.

We cannot accede to that proposition; we think the law is otherwise.

We may say in passing that the provision of R. S., Chap. 82, Sec. 97,—"Final judgments in said Superior Courts may be re-examined in the Supreme Judicial Court on a writ of error or on petition for review,"—only indicates the intention of the Legislature as to the forum in which writs of error and petitions for review may be entertained. The rules of law and practice which determine

whether a judgment may be re-examined by writ of error or by petition for review still obtain, and although the forum for examining final judgments rendered in the Superior Courts, is declared to be the Supreme Judicial Court, yet that is a declaration of forum only, and not a declaration giving a choice of procedure.

It is undoubtedly true that when a defendant has been duly served with process and has had full opportunity to protect his rights by appeal or by exceptions, and has failed or neglected to do so, he cannot afterwards raise the same questions upon a writ of error. So when a defendant has been duly served with process but through mistake or accident has not had notice of the action or has failed to appear, his remedy is by proceedings in review. But we are not aware that these principles have been extended, and we think that they should not be extended, to cases where the record shows no legal service of the writ, and no appearance by the defendant, in the original action.

In *Jewell* v. *Brown*, 33 Maine, 250 the court said: "By suffering judgment by default, a party may admit the justice of the claim, but he does not thereby admit the jurisdiction of the court, or the correctness of the proceedings to establish and enforce the claim. He may safely rest upon the assumption that, unless the process be legal, and the service sufficient, and the jurisdiction certain, no judgment will be rendered against him; or if from fraud, accident or mistake, a judgment should be erroneously entered, that the whole may be revised on error. . . . .

The rule, therefore, that a party who had the right of appeal, cannot bring error, is subject to qualifications. If he was not duly served with legal process, . . . . and an erroneous judgment has been rendered against him on default, he may have remedy by writ of error." This statement is to be taken with the further qualification that there has been no appearance by or for the defendant, in the original action, the defendant thereby submitting himself to the jurisdiction of the court.

In *Weston* v. *Palmer*, 51 Maine, 73, Judge Walton quoted Chief Justice Dana in *Skipwith* v. *Hill*, 2 Mass., 35, as follows: "I take it to have been decided, generally, that where a party has a right of appeal to this court, and will not avail himself of it, he shall not afterwards be allowed his writ of error. *Perhaps the rule has never been extended to a judgment on default, where no personal notice of the*

*suit has been given.* But where, *after legal notice of the action* in the lower court, a defendant suffers himself to be defaulted, he ought not to be permitted to lie by, and at any time within twenty years come in and reverse the judgment for a cause of which he might have availed himself in the original suit." Judge Walton proceeds in his opinion as follows: "In that case the judgment was reversed, *because the defendant had had no notice of the suit*, as appears by the remarks of Mr. Justice Sedgwick. The rule is now well settled that a writ of error will not lie, where the party has had an opportunity to appeal. The rule is not applicable to cases where the defendant is an infant, or a person non compos mentis, for such persons are regarded as incapable of appealing, or doing any other act necessary to protect themselves against a groundless suit; nor does it apply to suits where there has been no legal service of the writ."

The first of these exceptions, relating to an infant was recognized in *Easton* v. *Eaton*, 112 Maine, 106.

The reason for the last exception or qualification is thus stated by Chief Justice Shaw in *Bodurtha* v. *Goodrich*, 3 Gray, 508:

"The first answer of the defendant in error to this, and a plausible one certainly, is that the remedy is by writ of review. But the objection goes deeper than the service, and the mere want of notice, and is that the court has no jurisdiction. The ground of the plaintiff in error is, not that he had a good defense which he might have made if he had had notice; but that he was not amenable to the jurisdiction of the court, and not bound to make any defense. If he should come in and petition for a review, or sue out a writ of review as of right, he would thereby submit himself to the jurisdiction of the court and be obliged upon his review, if granted, to meet the trial on the merits, which he says he was not bound to do."

The fact that the plaintiff in error in that case was a non-resident can make no difference. *Johnson* v. *Thaxter*, 12 Gray, 200; in which, we think the law is correctly stated thus:

"A writ of review is a proper remedy to correct an error in a judgment, when the statute has been complied with by causing the writ to be properly served, but through some mistake or accident the defendant has not had notice of the action. In such action the court has jurisdiction of the case and can proceed to render a proper judgment. But this cannot be done where there has been no legal service of the writ. An essential pre-requisite to enable the court to take

cognizance of the case is wanting, and no valid judgment can be rendered against the defendant, and if one is rendered, it is erroneous and liable to reversal on error." See also *Smith* v. *Paige*, 4 Allen, 94.

In *Thompson* v. *Mason*, 92 Maine, 98, it is laid down, (Page 101), as "settled beyond controversy, that when a party litigant has had his day in court, has had a fair opportunity to raise his questions of law and to preserve his rights by exceptions, but has neglected or omitted to do so, and has stood silently by while his case went to judgment, he cannot afterwards raise the same questions by writ of error." The case of a party litigant who has not had this day in court, because service was not made upon him, was not before the court. In the discussion of that case *Lovell* v. *Kelley*, 48 Maine, 263 is cited as authority for the proposition that, "error will not lie where remedy is afforded by review;" but *Lovell* v. *Kelley* upon examination will be found not to support that broad, unlimited proposition. In *Lovell* v. *Kelley* the return on the original writ showed a legal service, therefore there was no error on the face of the proceedings; the plaintiff in error, admitting himself to be an inhabitant of the State at the time of the service of the writ, alleged that he was absent therefrom at the time of service and did not return until after the sitting and final adjournment of the court, and had no notice of the suit. To this contention the court replied that he had ample remedy by review. This opinion falls far short of holding that in a case where service was not made upon the defendant in the original action, he may not have a writ of error, and we think that the learned Justice in citing the case thus broadly and without limitation had in mind only the second contention of the defendant that, although legal service was made, he was entitled to his writ of error, because he had no actual notice of the suit. A similar remark in *Denison* v. *Portland Co.*, 60 Maine, foot of Page 522, is to be taken in the light of the context as not applicable to cases where no service has been made and judgment has been rendered on default without appearance.

The line is sharply drawn between the cases in which, on the one hand legal service of the original writ has not been made and there has been no appearance by or for the defendant, and, on the other hand, where legal service has been made. In the former a writ of error will lie to reverse a judgment rendered upon default; in the other, the remedy is by proceedings in review.

In the instant case the plaintiff in error alleges that the writ in the original action was not served upon him; this is admitted by the demurrer, and upon the authorities, nothing further appearing, is legal ground upon which a writ of error may be maintained to reverse the judgment.

Whether proceedings in review may also be maintained is not very material here; but we see no reason why the defendant in the original suit may not file a petition in review, if he is willing to submit to the jurisdiction of the court. *Holmes* v. *Fox*, 19 Maine, 107; *Hall* v. *Staples*, 166 Mass., 399, 400.

The further allegations of the writ, however, show that the plaintiff has voluntarily appeared in the Superior Court and has there had opportunity to raise the same questions which he now raises before us, and being overruled, has neglected or omitted to protect his rights by exceptions.

The *second* specification of error is set forth as follows: "Because said court at a term thereof, held at said Portland on the first Tuesday of May 1920, and on the fourteenth day of said Term, denied a motion theretofore made by said Hersey, appearing specially for the purpose of said motion and not otherwise, that the cause in which said judgment was given be brought forward on the docket of said Court, that then and thereupon; said judgment might be vacated, set aside and held for naught."

There is a line of demarcation between the first and the second ground as alleged in the writ of error, in this respect, viz., that as to the first ground the defendant in the original action, plaintiff in this writ of error, was not in court, but as to the second ground he was in court, even though appearing specially and not generally, and being thus in court must not slumber on any of his rights which were then and there available to him.

The plaintiff in error claims that the denial of the above motion is a valid ground of error but this the defendant in error denies, claiming that the plaintiff in error had the right of exceptions to the denial of the above motion. This the plaintiff in error in turn denies on the ground that in his ruling the Justice who refused the motion was acting with discretionary powers. If this be literally true, then the plaintiff in error has effectually answered his own contention upon the second ground of error, because he is setting forth as a ground of error a ruling which he says is discretionary, and in this State, it has

been held, *Prescott* v. *Prescott*, 59 Maine, 146, that "A writ of error cannot be brought to reverse a judgment purely discretionary." Where a bill of exceptions might have been taken, a writ of error will not lie. *Denison* v. *Portland Co.*, 60 Maine, 519; *Howard* v. *Hill*, 31 Maine, 420. Although the present plaintiff in error urges that exceptions would not lie to the refusal of the motion to bring the original case forward on the court docket, we cannot agree with his contention.

It was certainly within the power of the court to bring the case forward and to vacate the judgment if satisfied that it had been entered erroneously. *Myers et al.* v. *Levenseller et als.*, 117 Maine, 80, 82; this the presiding Justice may do in the exercise of a sound discretion. "That discretion is not to be exercised arbitrarily, but to be guided and controlled, in view of all the facts, by the law and justice of the case, subject only to such rules of public policy as have been wisely established for the common good." *Y. & C. Railroad Co.* v. *Clark*, 45 Maine, 151, 154. It must be exercised judicially, *Long* v. *Rhodes*, 36 Maine, 108, and for its abuse exceptions will lie. *McDonough* v. *Blossom*, 109 Maine, 141, 145. *Charlesworth* v. *American Express Co.*, 117 Maine, 219.

The demurrer to the second specification of error is therefore well founded and must be sustained.

A case is thus presented, in which a judgment has been erroneously entered upon default, without service upon, or appearance by or for the defendant. Instead of proceeding for reversal of the judgment by writ of error or petition for review the defendant, appearing specially for the purpose of the motion and not otherwise, filed a motion at a subsequent term that the cause be brought forward and the judgment vacated; the motion was denied, and the defendant omitted to preserve his rights by exceptions.

Upon the issue raised by the demurrer, "that as a matter of law, his writ of error is insufficient, because a remedy by exceptions was open to him, the said plaintiff in error," we hold in consonance with the principles hereinbefore set forth that the plaintiff in error, having had the opportunity to protect his rights by exceptions to the ruling denying his motion to bring the cause forward and vacate the judgment, and having omitted so to do, cannot now be permitted to raise the same questions upon a writ of error, and that the demurrer was properly sustained.

It is immaterial here that the appearance was special for the purpose of filing the motion; that situation would have become material as to future proceedings in case the motion had been sustained.

*Exceptions overruled.*
*Demurrer sustained.*