HARRY STERN *vs.* FRASER PAPER, LIMITED.

Penobscot.    Opinion, October 6, 1941.

*Stern & Stern,* for plaintiff.

*Perkins, Weeks & Hutchins,* and

*Henry J. Hart,* for defendant.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, WORS-TER, MURCHIE, JJ.

WORSTER, J.   On exceptions by plaintiff in error.

By agreement of parties, the original action of assumpsit, in which it is claimed an erroneous judgment was rendered, was heard during the November Term, 1939, of the Superior Court held at Bangor, within and for the County of Penobscot, by the presiding justice without a jury, without reservation by either party of the right to except in matters of law.

Decision was against the plaintiff, and judgment for the defendant was duly entered on the docket on the last day of that term, shortly before it was finally adjourned; but, according to the record, because of lack of time the clerk did not give the plaintiff notice thereof during the term, and it does not appear that the plaintiff had actual knowledge of the decision until after final adjournment. Immediately after adjournment, the plaintiff presented his bill to the justice who heard the case. The bill was disallowed by written decree, in which it is stated, among other things:

"No right to exceptions was reserved to either party prior to the filing of the decision in the case.

"The Plaintiff has presented exceptions to the findings of the Presiding Justice to the allowance of which objection is made by the Defendant. Under the circumstances I am compelled to disallow the exceptions as presented by the Plaintiff."

The plaintiff claims that the defendant did not raise the point that the right to except had not been reserved, but when the justice ruled that he was "compelled" to disallow the exceptions, there was nothing more that the plaintiff could then do to perfect his exceptions. If, for any reason, the bill should have been allowed, then the disallowance thereof would not have deprived the plaintiff of his right to be heard thereon. He could have proceeded under the provisions of R. S. 1930, Chap. 91, Sec. 24, and Rule of Court 40, to establish the truth of his exceptions before the Supreme Judicial Court sitting as a court of law. This he made no attempt to do, and so waived his exceptions, if he had any.

But the plaintiff had no exceptions which were allowable as a matter of right, for the right to except in matters of law had not been reserved by the plaintiff. It is well settled in this state that when, by agreement, a jury trial is waived in a civil action, and a case is heard by the presiding justice during term time, exceptions will not lie to his rulings in matters of law if decision is made and docketed during the term at which the case is heard, as was done here, unless the right to except in matters of law has been expressly reserved. *Reed* v. *Reed*, 70 Me., 504; *Frank* v. *Mallett*, 92 Me., 77, 42 A., 258.

The plaintiff, however, has brought a writ of error, claiming, in substance and effect, that there were errors in law or fact sufficient to annul the original judgment; and that he can maintain this writ of error because his right of exceptions was waived by his failure to expressly reserve that right, thus leaving no other remedy open to him. The court below ruled otherwise and affirmed the original judgment. The matter is brought here on the plaintiff's exceptions.

In this jurisdiction, a writ of error cannot be maintained in a civil action if the plaintiff in error, being *sui juris,* had opportunity to have the original case reviewed, either on appeal (*Howard* v. *Hill*, 31 Me., 420; *Lord* v. *Pierce et al.*, 33 Me., 350; *Monk* v. *Guild.*, 3 Metc., 372), or on a bill of exceptions (*Thompson* v. *Mason et al.*, 92 Me., 98, 42 A., 314; *Hersey* v.

*Weeman*, 120 Me., 256, 113 A., 394), or on a writ of review (*Denison* v. *The Portland Company*, 60 Me., 519).

So, if the plaintiff in error had opportunity to except to the final decision in the original case, he cannot maintain this writ of error. Did he have such a opportunity? We think he did.

It is the contention of the plaintiff that the original case was decided contrary to the undisputed evidence. Undoubtedly the decision of the presiding justice in a jury-waived case is final and conclusive when supported by credible evidence, but when unsupported by any evidence it is erroneous as a matter of law and reviewable on exceptions, if the right to except has been reserved. *Chabot & Richard Company* v. *Chabot*, 109 Me., 403, 84 A., 892.

That right, however, was not reserved in the case we are considering, and so, at the precise time the case was decided, the plaintiff had no right to except to the final decision, even if it were, as he claims, erroneous as a matter of law. That is not decisive here. Whether the plaintiff had such an opportunity to except as would prevent him from maintaining a writ of error, is not to be determined by merely considering the legal situation of the parties at the precise time the case was decided, but by considering the proceedings in the case as a whole.

Where a defendant, by counsel, appeared in an action pending before a justice of the peace, but voluntarily withdrew before he was defaulted and judgment entered against him, this court, in *Howard* v. *Hill*, supra, considered that such defendant had had an opportunity to appeal, and so could not maintain a writ of error. Although, because of his withdrawal, the defendant in that case was not in court at the time judgment was rendered against him so as to appeal therefrom, yet, as the court said, "At the time of his appearance the case was open"; but the opportunity then before him to contest the issues raised, and finally to appeal from any judgment which might be rendered against him, was waived and lost by his

own voluntary act before the judgment was entered. See, also, *Monk* v. *Guild,* supra.

When the plaintiff in the instant case agreed to a jury-waived hearing of the original action "the case was open" and the opportunity was then before him to reserve the right to except on all questions of law which might subsequently arise in the case. So, the plaintiff is considered to have had opportunity to except to the final decision in the original case. Failure to reserve the right to except was a waiver of that right. *Frank* v. *Mallet,* supra.

The conclusion is irresistible that the opportunity to except to the final decision was waived and lost by the plaintiff solely because of his own fault, of which he cannot now complain. Therefore, he cannot maintain this writ of error.

The plaintiff, contending further, lays great stress on *Putnam* v. *Churchill,* 4 Mass., 515, and *Jewell* v. *Brown,* 33 Me., 250. Neither case is in point here.

In *Putnam* v. *Churchill,* supra, it appeared that the original action was brought by Churchill against Putnam on a note. The latter obtained a continuance by an agreement, entered on the record, to the effect that he would not appeal from the judgment of the court, if one should be rendered against him. To his plea subsequently made, Churchill demurred, and finally recovered judgment against Putnam, who then sued out a writ of error. Decision turns on the point whether or not Putnam lost his right of appeal by his own fault. The court held, in effect, that Putnam ought not to be considered in fault where his right of appeal was waived by an agreement, entered on the record, to which Churchill himself was a party, stating, "Churchill is entitled to the full benefit of his agreement."

In the instant case, it is not even contended that the right of exceptions was waived by or lost to the plaintiff as the result of a contract with the defendant. Nor does it appear that the defendant was in any way responsible for the plaintiff's failure to reserve his right of exceptions.

In *Jewell* v. *Brown*, supra, it appears that the original action was brought before a justice of the peace, who had no jurisdiction over the defendant, to recover on a debt alleged to be due, not from him but from another. The defendant, not appearing, was defaulted and judgment was rendered against him. Thereupon he sued out a writ of error. The court held that the want of jurisdiction was not waived by default, and reversed the judgment on the ground that it was erroneous, and that the justice was without jurisdiction to render any judgment in the case. The court there said, page 252:

"The rule, therefore, that a party who had the right of appeal, cannot bring error, is subject to qualifications. If he was not duly served with legal process, or was prevented from defending by fraud, or inevitable accident, or did not appear, when duly summoned, and an erroneous judgment has been rendered against him, on default, he may have remedy by a writ of error."

But in *Hersey* v. *Weeman*, supra, the court said, page 258:

"This statement is to be taken with the further qualification that there has been no appearance by or for the defendant, in the original action, the defendant thereby submitting himself to the jurisdiction of the court."

The instant case does not fall within the qualification laid down in *Jewell* v. *Brown* and *Hersey* v. *Weeman*. Here the dedendant was not defaulted, but both parties appeared and stood trial in a court of competent jurisdiction, and there is not the slightest thing in this record tending to show that either party was prevented by fraud or inevitable accident from being fully heard.

Moreover, the defendant, in the action reviewed in *Jewell* v. *Brown,* did not appear and was not bound to appear. The proceedings in that original action were a nullity for want of jurisdiction, so it cannot be said that the defendant in that original case ever had opportunity to appeal from an erroneous judg-

ment in a court having jurisdiction of the parties; whereas, in the instant case, valid proceedings were had in a court of competent jurisdiction, at which the plaintiff appeared and had opportunity to except, which was waived and lost by his own fault, as we have already pointed out.

The conclusion we have reached renders it unnecessary to consider the merits of the original case, upon which we express no opinion, or to consider the other points argued, or to discuss the other cases cited in the briefs.

The mandate is

*Exceptions overruled.*