# SUPREME JUDICIAL COURT,

FOR THE

## WESTERN DISTRICT,

## 1856.

## COUNTY OF CUMBERLAND.

OLIVER P. SHEPARD & al. *versus* JOHN T. HULL.

There are three parties to a bill of exceptions; the parties to the suit and the presiding Judge.

After a bill of exceptions has been completed by the allowance and signature of the presiding Judge, it is not competent for him to make material alterations therein.

Nor can the parties to the suit, or their counsel, by agreement, make material alterations, without consulting the Judge who presided at the trial, and having his assent thereto.

If it appear to the Court that such material alterations have been improperly made, they will be disregarded, and the cause heard upon the bill as it originally stood.

ON EXCEPTIONS from *Nisi Prius*, DAVIS, J., presiding.

This was an action of assumpsit on an account annexed. The verdict was for the defendant, and the plaintiffs excepted to the rulings of the presiding Judge, excluding certain testimony offered by them in the trial of the cause. When the case came up for a hearing before the law Court on the excep-

tions, the counsel for plaintiffs read an affidavit, subscribed and sworn to by himself, setting forth that certain material alterations had been made in the bill of exceptions, after they had been allowed by the presiding Judge, signed by him, and placed upon the files of the Court. The counsel for the defendant admitted that he had made the alterations by the assent or direction of the presiding Judge.

*Jabez C. Woodman,* for plaintiffs.

*H. P. & L. Deane,* for defendant.

TENNEY, C. J.—A party aggrieved by any ruling, order or direction of the Court, may allege his exceptions thereto; and, upon their being reduced to form and seasonably presented to the presiding Judge, it is his duty, if they are found conformable to the truth, to allow and sign them and order them to be placed on the files of the Court. If he deem them not conformable to the truth, he may and should withhold his signature, unless the excepting party consent to alter them according to the facts. If he consent to the alterations suggested by the presiding Judge or opposing counsel, he is considered as having adopted the alterations and made them a part of his bill. He may refuse to alter his bill, and if the Judge is satisfied that it is not conformable to the truth, he will refuse to allow and sign it.

But after the exceptions have been allowed, signed and placed on file, the Judge has no right to alter them or to direct alterations. If, before the adjournment of Court without day, material errors are brought to his attention, he may, on notice to the excepting party, require him to amend according to the truth; and in case he refuse, the Judge may withdraw his signature from the bill.

There are, in fact, three parties to a bill of exceptions; the parties litigant and the presiding Judge. It is not competent for the parties to the suit, or their counsel, by agreement, to make material alterations in a bill of exceptions, after it has been allowed and signed by the presiding Judge, without consulting him and obtaining his assent thereto.

It having been satisfactorily shown to us that certain alterations have been improperly made in the bill of exceptions in this case, we shall disregard all such erasures and interpolations, and shall hear and determine the cause upon the bill as it stood when it was allowed and subscribed by the presiding Judge.

RICE, HATHAWAY and CUTTING, J. J., concurred.
GOODENOW, J., dissented.