HANFORD B. FIELD *vs.* BENJAMIN F. GELLERSON.

Aroostook.    Opinion March 8, 1888.

*Promissory note.    Holmes note.    Conditional sales.    Record.    Exceptions. Practice.*

An agreement that personal property bargained and delivered to another, for which several notes in the aggregate amounting to more than thirty dollars are given, shall remain the property of the payee until the notes are paid, is not valid, except as between the original parties, unless the agreement be made and signed as part of the notes, and recorded as a mortgage of personal property; although each note may be less than thirty dollars.

If a judge, at a trial term, sees fit, for his own convenience, to delay his approval of a bill of exceptions, in order to have time to test their correctness, and the exceptions, as finally allowed, are regular in form, the law court cannot, upon suggestion of counsel, reject the exceptions.

ON exceptions from the superior court.

Trespass for the value of a wagon which plaintiff received of the defendant in an exchange, and which the defendant afterwards took and carried away, alleging that the wagon plaintiff let him have in the exchange was not the property of the plaintiff.

The point is stated in the opinion.

*King and King,* for the plaintiff, cited : *Coolidge* v. *Brigham,* 42 Mass. 548 ; 2 Addison, Contracts, § § 640, 645 ; 1 Greenl. Ev. (7th ed.) § 558.

*George Donworth*, for the defendant.

By virtue of the rules established under the act of the legislature, certain rights have vested in this defendant and certain obligations have been imposed on this plaintiff, as much as by any other law that regulates practice in court, and if these exceptions are not here in accordance with the law of the land, they must not be considered. *Phillips* v. *Soule*, 6 Allen, 150; *Carleton* v. *Lewis*, 67 Maine, 76.

We fail to see how this case differs from *Fish* v. *Baker*, 74 Maine, 108; in this case at bar, "no delay, for filing exceptions, was asked for or given" beyond the first Tuesday of June. Yet as the report shows the exceptions were not filed until June 20th, though they purport, in their opening, to have been filed on the 5th day of the term. The judge's certificate is conclusive as to the time of filing. *Whitcomb* v. *Williams*, 4 Pick. 228. In *Doherty* v. *Lincoln*, 114 Mass. 362, the court says, "The provisions of these statutes requiring the exceptions to be filed, &c., within the time prescribed are intended for the benefit of the adverse party, and he is entitled to insist upon due proof of a strict compliance with them, unless he has done something to waive it."

See also *Commonwealth* v. *Greenlaw*, 119 Mass. 208, in which it was held that the judge had no authority to allow the exceptions after the expiration of the time limited by law without the consent of the adverse party.

In *Nye* v. *Old Colony R. R. Co.* 124 Mass. 241, it was held that an oral agreement of counsel to extend the time was of no avail, and under our rules it would seem to be so in this state, but in the case at bar there is no agreement whatever. The consent of the adverse party is a necessary condition to the allowance of exceptions after the time required by law. *Walker* v. *Moors*, 122 Mass. 501.

Here the presiding justice was satisfied that due diligence had been employed to obtain the notes. In Greenl. on Ev. Vol. 1, § 82, it is stated that, "This rule does not demand the greatest amount of evidence which can possibly be given of any fact, but its design is to prevent the introduction of any which, from the

nature of the case, supposes that better evidence is in the possession of the party." And *Id.* 84, "until it is shown that the production of the primary evidence is out of the party's power no other proof of the fact is generally admitted." Greenl. on Ev. Vol. 1, § 558, and notes declare the law to be as given by the presiding justice.

The case of *VanDeusen* v. *Frink*, 15 Pick. 449, is directly in point and there the ruling was that secondary evidence was not admissible, unless it could be shown that the original papers were lost, or were not within the power of the party or witness.

In a mortgage there is an immediate transfer of title; in a conditional sale (as in the case of these notes) there is no transfer until the condition is performed by the bargainee. Jones on Chat. Mortgs. § 11; *Roger's Locomotive Works* v. *Lewis*, 4 Dill. (U. S.) 158. And since it is clear to any lawyer that " The three conditional notes," &c., did not constitute a mortgage, shall a new trial be necessitated because the judge failed to erroneously instruct the jury?

The two twenty-five dollar notes and the agreement therein contained were valid against the whole world without being recorded. Previous to statute 1870, c. 143, no such note was required to be recorded. *Rawson* v. *Tuel*, 47 Maine, 506. A parellel question arose in *Perkins* v. *Morse*, 78 Maine, 17, where the court say, "If the statute needs amendment, the legislature can amend it. We construe it as it stands."

It is the duty therefore of the courts to permit rescission whenever it can be done with justice to the other party and such is the tendency of modern decisions. In Vermont the courts have gone much farther than this court would consider the law to allow. *Downer* v. *Smith*, 32 Vermont, 1; *Hoadley* v. *House*, *Id.* 179.

PETERS, C. J. There is a point of considerable practical importance in these exceptions. A party took, for an article of personal property, three Holmes notes, one for twenty-five dollars, and each of the others exceeds thirty dollars in amount, the notes containing the contract, and, as allowed by R. S., c. 91, § 7, also

a stipulation that no right of redemption shall exist after a breach by non payment. The notes are not recorded, although the statute, R. S., c. 111, § 5, requires such notes to be recorded in order to be effectual against attachers and after-purchasers, "if the agreement is made in a note for more than thirty dollars." It is pretended that third parties can not be interested in the transaction for the reason that one note is under thirty dollars, and the forfeiture is claimed only on that note. Our opinion is that the notes should have been recorded, to be effectual against other parties.

In strict literalness, the case falls within the statute. If the agreement is "made in a note for more than thirty dollars," it must be recorded. This agreement is made in two notes each of which exceeds that sum, although made also in a note for less than that amount. Much more strongly is this construction required by the sensible meaning and manifest purposes of the statute. The conditional agreement should be recorded for the public benefit, whenever it is made to secure a note of more than thirty dollars, or notes which taken together exceed that amount. The phrase, "in a note for more than thirty dollars," means where it secures, in that way, an indebtedness upwards of such sum. Under a different construction the statute becomes nugatory. It could always be avoided by persons who should see fit to divide ever so large an indebtedness into notes of less than thirty dollars each. For an erroneous ruling on this point a new trial must be had.

It may be well to add, for the bearing of the suggestion at another trial, that the admission of oral proof of notes without producing the originals, or without sufficient foundation laid for their loss, and the admission of an account book kept by the vendor to prove the terms of a sale of personal property, were clearly erroneous rulings.

The defendant's counsel denies that the exceptions presented were seasonably filed. They are certified as regularly taken and allowed, and that presents them properly to us. If a judge, at a trial term, sees fit for his own convenience, to delay his

approval of a bill of exceptions, in order to have more favorable opportunity to test their correctness, and the exceptions as finally allowed are regular in form, we cannot, upon the suggestion of counsel dissatisfied with the action of the judge, reject the exceptions.                          *Exceptions sustained.*

WALTON, DANFORTH, LIBBEY, EMERY and HASKELL, JJ., concurred.