## HENRY A. PRIEST *vs.* CHARLES AXON.

Kennebec.    Opinion May 26, 1899.

*Practice. Record. Judgment. Nonsuit.*

When a nonsuit has been entered by order of the presiding judge and judgment has been entered thereon, it does not lie within the discretion of the judge. at a later term, to order the case to be brought forward on the docket, and the entry of nonsuit to be stricken off.

ON EXCEPTIONS BY DEFENDANT.

The case appears in the opinion.

*H. A. Priest*, for plaintiff.

*S. S. and F. E. Brown*, for defendant.

SITTING: EMERY, HASKELL, WHITEHOUSE, STROUT, SAVAGE, FOGLER, JJ.

SAVAGE, J.    This action was entered at the September term of the Superior court for Kennebec county, 1897, and was continued from term to term until the December term of the same year, when, on motion of the defendant, a nonsuit was ordered. To this order no exceptions were taken.    But at the June term of the court 1898, the presiding judge, on application of the plaintiff, ordered the action to be brought forward, and the nonsuit to be stricken off.    To these orders the defendant excepted.

It is true that every court of record has power over its own records and proceedings to make them conform to its own sense of justice and truth, so long as they remain incomplete, and until final judgment has been entered.    *Lothrop* v. *Page*, 26 Maine, 119; *Stetson* v. *Corinna*, 44 Maine, 29.    It is also true that judgments irregularly and improvidently entered may be corrected. *West* v. *Jordan*, 62 Maine, 484.

But this case does not fall within either of these principles.    A nonsuit was regularly entered upon motion.    The court adjourned. No further judicial proceedings remained to be done.    It not

appearing that any special order for judgment was made, it must be taken that judgment was rendered the last day of the term. *Chase* v. *Gilman*, 15 Maine, 64. The parties were then out of court. Judicial power was exhausted. *Shepherd* v. *Rand*, 48 Maine, 244.

The case was brought forward, not to correct an improvident or erroneous entry of judgment, but to reverse an entry regularly and deliberately entered.

The language of the court in the case last cited is peculiarly appropriate to this case: "The party dissatisfied cannot afterwards resort to another jurisdiction, to be created by nullifying a final judgment, not by any process known to the law, such as review or error, not for the purpose of making the records and proceedings conform to the court's own sense of justice, but for the sole object of allowing a negligent party to take advantage of such negligence. A judge at nisi prius has no such discretion."

*Exceptions sustained.*