MARIA L. ATWOOD et al.

*vs.*

NEW ENGLAND TELEPHONE & TELEGRAPH COMPANY.

Penobscot.    Opinion June 29, 1910.

*Exceptions.    Authority to Allow.    Proceedings to Establish.    Application to Law Court.    Rule of Court XLIII.    Revised Statutes, chapter 79, section 55.*

1. It is for the ruling Justice to determine in the first instance what statements of facts or evidence should be incorporated in the bill of exceptions, to his ruling to be presented to the Law Court.

2. If the excepting party is not satisfied with the bill of exceptions as finally allowed by the ruling Justice, his remedy is by petition to the Law Court to establish a proper bill of exceptions under R. S., chapter 79, section 55, and Rule of Court XLIII.

3. If, instead of petition to the Law Court to establish a bill of exceptions, the excepting party brings to the Law Court the bill as settled by the ruling Justice, he must present the whole bill or his exceptions must be dismissed.

4. That it has become impossible without his fault for the excepting party to present the evidence required by the bill of exceptions does not relieve him from the duty. The court and the opposite party are nevertheless entitled to the evidence before considering the exceptions.

On exceptions by plaintiffs.    Dismissed.

Action of trespass quare clausum under Revised Statutes, chapter 97, section 11, for entering upon ornamental grounds of the plaintiffs and cutting down and removing therefrom, without permission of the owners, certain ornamental trees, and lopping, trimming, and otherwise defacing certain other ornamental trees thereon standing.    Plea, the general issue with brief statement as follows: "That the close described in the plaintiffs' writ was within the limits of a public highway in said town of Hampden and that any entries made by the defendant were made with the authority, permission and supervision of the selectmen of said Hampden and any acts committed by it were committed under legal authority so to do."

Verdict for plaintiffs for $135 with the following special finding: "Do the jury find that the plaintiffs' land upon which the alleged trespass was committed, was either grass land or ornamental ground." Answer: "Ornamental."

The verdict, in accordance with the instructions of the presiding Justice, was for the actual damages, and the plaintiffs filed a motion for judgment for three times the actual damages found by the jury. This motion was overruled and the plaintiffs excepted.

The case is stated in the opinion.

*Mayo & Snare*, for plaintiffs.

*Norman L. Bassett*, for defendant.

SITTING: EMERY, C. J., PEABODY, CORNISH, KING, BIRD, JJ.

EMERY, C. J. The action was trespass q. c. for entering plaintiffs' close and cutting down trees thereon. After verdict for the plaintiffs for actual damages as instructed by the court, the plaintiffs moved for judgment for three times the amount of the actual damages. The court denied the motion and the plaintiffs excepted. The bill of exceptions allowed by the presiding Justice and presented to the Law Court made "the evidence introduced at the trial, including the plans and photographs exhibited," a part of the bill. The evidence, plans and photographs thus made a part of the bill were not filed, and were not produced at the Law Court, whereupon the defendant moved the Law Court to dismiss the exceptions.

The plaintiffs claim that the remainder of the bill without the evidence, plans or photographs, contains enough to enable the Law Court to determine whether the ruling was correct or not. Whether the Law Court can so determine without the evidence, etc., is a question for the Justice who made the ruling and settled the bill of exceptions. He, not the Law Court, is the judge in the first instance of what the bill should contain or omit. If the excepting party is not satisfied with the Justice's determination of that question, he should petition the Law Court to establish a proper bill of exceptions. If, instead, he brings to the Law Court the bill settled by the Justice, he must bring the whole of it as so settled,—must comply with all its requirements to be entitled to a hearing.

At the argument upon the motion to dismiss the exceptions it was stated and admitted that the notes of the evidence at the trial taken by the official stenographer were lost, and that hence it was practically impossible for the plaintiffs to bring that evidence before the Law Court. The plaintiffs urge that this impossibility, being without any fault of theirs, should excuse them from furnishing a report of the evidence. The Law Court must assume, however, that the ruling excepted to was correct unless it appears from the entire bill of exceptions that the ruling was wrong and the plaintiffs prejudiced thereby. Whatever that part of the bill actually before the court may show, it cannot be known but that the part omitted would have shown the ruling to be correct or unprejudicial. At least, it must be assumed that the part omitted was necessary to the proper determination of that question. It may be a hardship upon the plaintiffs but the duty was upon them to present to the Law Court the entire bill of exceptions as settled and allowed by the presiding Justice if they desired its consideration. Their inability to do so, though not their fault, is their misfortune for which the defendant is not responsible. The misfortune must remain where it fell. The *Stenographer Cases*, 100 Maine, 271.

*Exceptions dismissed.*