FRANK S. SAWYER

*vs.*

CALAIS NATIONAL BANK

Washington.    Opinon August 17, 1927.

*The court has power, at any time before final judgment, to amend, enlarge or vacate entries erroneously, improvidently or falsely made.*

*When an erroneous judgment has been vacated by the court, parties are restored to their original position.*

In this case, plaintiff had attached real estate.  An entry of "neither party" was made, under a misunderstanding.  At the same term of court, when the true facts became known, the court ordered the entry stricken off.  The case was restored to the docket and proceeded to final judgment.  Held that the original attachment was in no way affected, no rights having been acquired in the meantime.

Title gained by plaintiff by legally conducted sale based on the attachment is good.

On report.  A real action involving the question as to whether a real estate attachment was affected by reason of the action in which the attachment was made being entered "neither party" which entry afterwards for cause shown was stricken off and the case restored to the docket, no rights in the property having been acquired in the mean time.  Attachment held valid.

The case fully appears in the opinion.

*Maxwell & Conquest and Gray & Sawyer,* for plaintiff.

*R. J. McGarrigle and H. J. Dudley,* for defendant.

SITTING:  WILSON, C. J., PHILBROOK, DUNN, DEASY, STURGIS, PATTANGALL, JJ.

PATTANGALL, J. Real action. On report. Plaintiff's title rests upon an attachment of the demanded premises, made November 5, 1921, on a writ in which John C. McFaul and Charles H. Gay were plaintiffs and J. Herbert Hanson, defendant. Final judgment was rendered for the plaintiffs on October 24, 1923. The real estate was sold at sheriff's sale, to McFaul and Gay, on December 20, 1923 and conveyed by them to plaintiff on January 20, 1927.

Defendant claims title through the same J. Herbert Hanson under a mortgage of the premises given by him to Calais Savings Bank on March 28, 1922, which mortgage was assigned by Calais Savings Bank to defendant on July 31, 1923. Later defendant began foreclosure proceedings which have been completed.

The attachment antedated the mortgage but defendant claims that the attachment was dissolved by reason of certain matters which occurred in connection with the case of McFaul et al. vs. Hanson, while that case was pending. This suit was on a promissory note, to which there was, apparently, no defense. It was entered at the May term 1922, of the Supreme Judicial Court for Washington County. The attorney for the present defendant entered his appearance for the defendant Hanson and the case was continued to the October term. When the docket was called at that term defendant's attorney stated, in open court, that the case had been settled, whereupon, attorney for McFaul and Gay said "If counsel says that the case is settled, it may be entered neither party" adding that he would "take it up with his clients later."

The entry was made. Investigation proved that the case had not been settled. During the term, the matter was called to the attention of the presiding justice who ordered the entry stricken off. The case was continued and, at a later term, defaulted by agreement.

Defendant claims that this entry of neither party, tentatively agreed to by the attorney for the then plaintiffs, and based upon a misstatement of fact by the then defendant's counsel, although stricken off at the same term by order of the court, and notwithstanding that no innocent person had, in the meantime, acquired any interest in the property, vacated the attachment and made the mortgage which it afterwards purchased from the Calais Savings Bank, a first lien on the property. We cannot agree with this contention.

No question can be raised as to the power of the court, at any time before final judgment, to "amend, enlarge or vacate entries erroneously, improvidently or falsely made. Mistakes may be corrected and false or fraudulent entries rectified and made to conform to the truth. Until the rendition of a final valid judgment all actions whether on the docket of the existing or a former term are regarded as within the jurisdiction and control of the court." *Myers* v. *Levenseller,* 117 Maine, 82.

"It was certainly within the power of the court to vacate the judgment if satisfied that it had been entered erroneously." *Hersey* vs. *Weeman,* 120 Maine, 262.

Neither the authority of the court to strike off the entry of neither party and restore the case to the docket nor the propriety of its action in doing so, is open to argument.

The situation is not at all like that in *Berry* vs. *Railway,* 89 Maine, 552, where the entry, neither party, no further action for the same cause, was made after consultation and agreement between the parties with a full understanding of the facts and with no suggestion of fraud or mistake. That case stands for the simple proposition that parties may dispose of cases by agreement, fairly and understandingly made, and that the court has no power to interfere with such agreements.

The precise point at issue, however, whether or not when an erroneous judgment has been vacated or revised by the court, plaintiff is restored to his original position so far as his attachment is concerned, assuming, of course, that no rights have, in the meantime, been acquired by others, has not been passed upon in this state. But there is sufficient authority for that conclusion and it would seem to naturally follow the logic of *Myer* vs. *Levenseller,* supra.

In *Hubbell* vs. *Kingman,* 52 Conn., 17, the court held that a judgment of nonsuit, afterwards set aside at the same term did not vacate an attachment. In this case the court said; "Why should an erroneous or mistaken judgment which is set aside at the same term of court, the case having been subsequently prosecuted to a final judgment in favor of the plaintiff, deprive him of the security obtained by his attachment? The analogies of law are against it and so are justice and equity." In *Gunnison* vs. *Abbott,* 73 N. H., 592, the court speaking through Chief Justice Parsons, said, "The power of

the court to vacate and revise an erroneous judgment might be of little use if such action did not restore the plaintiff to the position which he occupied before the error was committed. Legally speaking a judgment so reversed has now no existence. It is as if it had never been rendered. It would be an anomaly in law if a judgment found to be void and of no effect and under which no rights could be claimed, should still be valid and effectual to destroy plaintiff's attachment."

"The setting aside of an order vacating a judgment restores all the liens originally attached to the judgment except as to rights acquired in the meantime. *King* vs. *Harris*, 34 N. Y., 330.

"When an attachment suit has been dismissed but the order of dismissal is subsequently vacated, the attachment lien will not be lost." *Jaffray* vs. *Company*, 119 Mo. 117.

Defendant relied upon *Brown* vs. *Harris*, 52 *Am. Dec.*, 535, (Iowa), decided in 1850, which held that a judgment of nonsuit vacated an attachment, even though a motion in behalf of the plaintiff to set aside the judgment and order a new trial was sustained. This case has met with unfavorable comment not only in its own state, in *Danforth et al.* vs. *Carter et al*, 4 Iowa, 239, (1856), but in *Jaffray* vs. *Company* supra, and in *Dollings* vs. *Pollock*, 7 So. 904 (Ala.). It could hardly be received as authority in this case, if for no better reason, than because at the time the decision was rendered, by the provisions of Iowa R. S. 324, section 4, the procedure required that under the circumstances recited, new process must issue, new service must be had, new return made and the case entered in court exactly as though it were an original suit.

The court was, in substance, permitting a new action to be brought. A very different proposition from that presented here.

The plaintiff in the present case had no intention of abandoning his suit or his attachment. The entry was made by mistake and a mistake induced by the erroneous statement of opposing counsel. Furthermore, the entry was conditional. Plaintiff assented to it provisionally. The entry was made tentatively, on the assurance by defendant's attorney that the case had been settled. Plaintiffs' counsel reserved the right to lay the matter before his clients. When he did so the mistake was discovered. It was rectified. The entry was stricken from the docket. It was as though it had never been

made.   No rights in the property had been acquired, in the meantime, the parties were restored to their original status.  To hold otherwise would be to invoke a rule which would not only prevent adequate correction of errors honestly made but would open a wide door to fraud.   Plaintiff has shown good title.   The writ contained a claim for damages which is now waived and need not be considered.

*Judgment accordingly.*