MIRNA A. COOK *vs.* RALPH H. COOK.

Franklin.     Opinion July 19, 1933.

*Frank W. & Benjamin Butler*, for complainant.
*Currier C. Holman*, for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, JJ.

PATTANGALL, C. J.    Exceptions. Respondent charged under the bastardy act with being the putative father of complainant's illegitimate child was arrested prior to a term of the Superior Court held in February 1932, and gave bail for his appearance. The case was regularly entered on the docket at the return term, both complainant and respondent being represented by counsel.

In the course of time, twins were born to complainant and the necessary statement that respondent was their father was made and filed. Prior to the birth of the children, the mother applied to the town in which she had her pauper residence for support for herself and them.

The case had been continued to the May term and further continued to the October term. During vacation a settlement was arrived at, and at the October term the case was dismissed with the approval of the presiding Justice. The town of complainant's resi-

dence had employed an attorney who had unsuccessfully endeavored to arrange a marriage between the parties but who had filed no objection to a settlement and who was not aware that one had been made until after the adjournment of the October term.

At the following term in February 1933, he filed a petition praying that the case be restored to the docket in order that such an objection might be filed. The petition was dismissed and exception taken.

There is no allegation that the settlement was collusively made or that there was any fraud or mistake in the proceedings. The question before us, therefore, resolves itself into the somewhat simple proposition of whether or not after final judgment (and dismissal of such a case by order of court is a final judgment, *Davis* v. *Cass*, 127 Me., 167, 142 A., 377), a *nisi prius* court may at a later term restore the case to the docket in order to permit a town burdened with the support of a pauper mother and her illegitimate children to present its objection to a settlement already made, no fraud or error being alleged.

We are compelled to answer this question in the negative.

The right of a town to be heard in the matter of a settlement between parties to a bastardy action is fixed by the terms of Sec. 8, Chap. 111, R. S. 1930:

"No woman, whose accusation and examination on oath have been taken by a justice of the peace at her request, shall make a settlement with the father, or give him any discharge to bar or affect such complaint, if objected to in writing by the overseers of the poor of the town interested in her support or the child's."

Until and unless such written objection is made, the parties have an absolute right to make a settlement on their own terms, but the town may file its objection at any time before final judgment. It may delay taking action until the time of trial, *Eames* v. *Gray*, 61 Me., 405; and a settlement agreed upon may be set aside on objection by the interested town if seasonably made. Under the provisions of Sec. 7, Chap. 111, R. S. 1930, the objecting town is entitled to a bond indemnifying it against liability for support of mother and child or, in this particular case, children.

Even after final judgment has been entered at *nisi prius*, we have no doubt but that an objection by the town would be entertained and the case restored to the docket, provided the objection were filed at the term at which judgment was entered; but "when a valid and final judgment has been entered and parties are out of court, it does not lie within the power of the presiding Judge at a subsequent term to bring the action forward. Judicial authority has been then exhausted." *Shepherd* v. *Rand*, 48 Me., 244; *Priest* v. *Axon*, 93 Me., 34, 44 A., 124.

The rule laid down in *Myers* v. *Levenseller*, 117 Me., 82, 102 A., 776; and affirmed in *Sawyer* v. *Bank*, 126 Me., 316, 138 A., 470, does not conflict with this statement of the law. The latter cases stand for no more than that a court may, at a subsequent term, correct mistakes and rectify false or fraudulent entries provided that final judgment has not been entered.

Counsel for the petitioning town cites *Cross* v. *Clement*, 70 Me., 504, in support of its position. That case was restored to the docket after a lapse of several terms, but no valid judgment had been rendered and no final disposition had been made of the cause. The decision followed the doctrine of *Lothrop* v. *Page*, 26 Me., 119, and *West* v. *Jordan*, 62 Me., 485, that when the record of a case is incomplete by reason of an irregular judgment or lack of a final judgment, the court may in its discretion restore it to the docket in order that it may be disposed of finally and regularly.

There is nothing in any of these cases to warrant the assumption that a party to the litigation, as a matter of right, can compel such restoration; certainly nothing that places one not a party of record in a position to demand such action.

The town was not a party to the litigation. Its rights were limited and defined by statute. Until and unless it complied with the terms prescribed therein, it was not entitled to be heard. It did not do so, although every opportunity was presented. It permitted the parties to make a settlement and carry the case to final adjustment without availing itself of its right to register an objection. If the result is to its prejudice, its own unfortunate error of omission created the situation.

*Exceptions overruled.*