CHARLES CUSHMAN COMPANY ET AL.

*vs.*

WILLIAM J. MACKESY ET AL.

VENUS SHOE MANUFACTURING COMPANY

*vs.*

WILLIAM J. MACKESY ET AL.

Androscoggin.        Opinion, December 10, 1937.

*Skelton & Mahon,*
*Webber & Webber,*
*David V. Berman,* for complainants.
*Joseph Kovner,*
*A. Raymond Rogers,*
*Ernest L. Goodspeed,* for respondents.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, JJ.

DUNN, C. J.   On April 20, 1937, a temporary injunction was issued, and entered on the equity docket in Androscoggin, a member of the Supreme Judicial Court sitting singly, commanding the now exceptants, as well as other persons, defendants in suits consolidated and tried together, to desist from certain strike activities.

Within three days, the plaintiffs in the original causes, shoe manufacturers of Lewiston and Auburn, instituted the present contempt proceedings, alleging in substance, in complaints in the nature of pleadings, that the defendants had violated the injunction by continuing to aid and abet the strike, asserted acts of disobedience, deliberately done, disclosing purpose to flout the court and its orders. So, in short, averments run.

Issue joined, trial was at one time, as a part of the pioneer cases, respectively.

A jury was the tribunal for determining guilt. P. L. 1933, Chap. 261, Sec. 2.

Verdicts of guilty led to sentences to imprisonment for six months in jail; the sentences were carried into execution immediately.

When the justice who presided had, on presentation of formal bills of the exceptions taken in the trial, authenticated them, the adjudged contemnors were, by another justice, admitted to bail, pending disposition of their exceptions.

Allowance of the exceptions was not unconditional, but "if allowable."

The exceptions appear to challenge jurisdiction. They raise, besides, questions which may not fall into such category. Apparently the justice was, respecting the protests against his rulings of law, in doubt as to the effect of a statutory provision, R. S., Chap. 91, Sec. 67, which is transcribed verbatim that it may speak for itself:

"No appeal lies from any order or decree for such punishment, nor shall exceptions thereto be allowed, save upon questions of jurisdiction. . ." R. S., *supra*.

The whole story of judicial intervention in the labor controversy need not be told; these cases turn upon a rule of practice.

The justice required that "the record and the transcript of the testimony," with regard to both temporary injunction and contempt, be of inclusion in the exceptions. What the bill must contain is, in the first instance, for the trial court judge to settle. *Atwood* v. *New England Telephone and Telegraph Company*, 106 Me., 539, 76 A., 949.

The determination referred to above, of what would, properly to present the exceptions, to the end no party might be deprived of legal rights, be requisite, has never been altered.

At the bar of this court, proof by affidavit is made, without contradiction, that the record and the testimony are but partially included in the exceptions, and that omission may not fairly be attributed to inadvertence or mistake.

Counsel opposing the exceptions insist, as indispensable, the entire facts; that is, to comply with the justice's requirement, copies of all papers on file in the cases, and the entries in the docket (perhaps already here,) and all the evidence. Lack, they press, does their side injustice.

To be available, exceptions must conform to allowance. There is authority that exceptions cannot, even by agreement of the parties, be changed in any material respect, unless with the consent of the judge who allowed the bill, he being alive and not incapacitated. *Ashley* v. *Root*, 4 Allen, 504; *Tighe* v. *Maryland Casualty Company*, 216 Mass., 459, 103 N. E., 941. The approved way, it has been held, is to move that the exceptions may be discharged for the

purpose of correction. *Tighe* v. *Maryland Casualty Company*, supra. There are, in fact, three parties to a bill of exceptions — the parties litigant and the presiding judge. *Shepard* v. *Hull*, 42 Me., 577.

The exceptions are inadequate. *Davis* v. *Olson*, 130 Me., 473, 474, 157 A., 542.

Never having been completed, the exceptions are not entitled to reception. Nothing is introduced which may now be the subject of review. It follows that the exceptions must be, as they are hereby, dismissed. *Jones* v. *Jones*, 101 Me., 447, 64 A., 815; *Leathers* v. *Stewart*, 108 Me., 96, 100, 79 A., 16; *Doylestown Agricultural Company* v. *Brackett, etc., Company*, 109 Me., 301, 308, 84 A., 146.

Exceptions dismissed, that they may be made right.

*It is so ordered.*