WESTBROOK TRUST COMPANY *vs*. GRACE R. SWETT.

Cumberland.    Opinion, July 25, 1941.

*Udell Bramson*, for plaintiff.

*Milan J. Smith*, for defendant.

SITTING: STURGIS, C. J., HUDSON, MANSER, WORSTER, MURCHIE, JJ.

STURGIS, C. J.   This action of assumpsit against the endorser of a promissory note having been entered in the Municipal Court of the City of Portland, the defendant's general demurrer to the declaration was sustained, the plaintiff moved to amend and the defendant filed written objections to the allowance of the amendment. By error, the somewhat illegible endorsement of the trial judge indicating that the demurrer was sustained was misinterpreted and a "Nonsuit" was recorded. At a subsequent term, a motion by the defendant to correct the record was granted and the record made to read not only "Demurrer sustained," but also "Judgment for the Defendant," an entry which apparently had no warrant in law or fact. An appeal, properly filed and perfected was dismissed by the Superior Court. The case comes forward on an exception to this ruling.

Although the bill of exceptions is inartificially drawn and incomplete, it discloses that prejudicial errors have occurred in this case. Apparently in the Municipal Court, although the trial judge sustained the defendant's demurrer and made minutes of his ruling accordingly, he did not then or later order judgment entered for the defendant. The order sustaining the demurrer was not final and judgment for the demurrant did

not follow as a matter of course. Without an entry of judgment the action stood on the docket unfinished. *Littlefield* v. *Railroad Co.*, 104 Me., 126, 131, 71 A., 657; *Andrews* v. *Loveland*, 1 Col., 8; *Gates* v. *Hayner*, 22 Fla., 325; *Slagle* v. *Bodmer*, 58 Ind., 465; 6 Encyc. Pl. and Pr. 353. The plaintiff still had a right to be heard on its motion to amend its declaration. R. S., Chap. 96, Sec. 38; *Maine Central Institute* v. *Haskell*, 71 Me., 487; *Colton* v. *Stanwood*, 67 Me., 25, 27. See *Hare* v. *Dean*, 90 Me., 308, 38 A., 227.

We have no doubt that the Municipal Court, being a court of record, had power and authority over its own docket, at least until a valid, final judgment was entered, and until that time, could amend and correct entries erroneously and improvidently made in its docket so as to conform to the truth. *Myers* v. *Levenseller*, 117 Me., 80, 82, 102 A., 776; *Sawyer* v. *Bank*, 126 Me., 314, 138 A. It is not open to argument, however, that this power of correction does not extend beyond conformity to the truth. On this record the alleged corrected entry made in this case of "Judgment for the Defendant" lacks that conformity. The Municipal Court in granting the defendant's motion and directing the insertion of that entry in its records transcended its authority.

An appeal from a Municipal Court to a Superior Court vacates the judgment of the lower court and removes the whole case to the appellate court to be tried *de novo* upon both law and fact. In the case at bar, unless grounds for dismissing the appeal existed, which are not here made to appear, the Superior Court should have heard the motion to correct the record of the Municipal Court anew and rendered its own independent judgment on the merits. *Willet* v. *Clark*, 103 Me., 22, 67 A., 566. On this record the appeal was simply dismissed. The stated conclusion of the presiding justice that the effect of the dismissal was to sustain the ruling below does not enlarge the scope or effect of the order of dismissal. If intended to be an affirmance of the judgment of the inferior court it was unauthorized. *Morrill* v. *Buker*, 92 Me., 389, 392, 42 A., 796. See

35 Corpus Juris, 845, Sec. 590 and cases cited. Viewed as mere surplusage, as it must be, it is a nullity. The order of dismissal was error. The exception presented, being directed expressly to that order, is sufficient and must be sustained.

*Exception sustained.*