MILTON S. BUBAR

*vs.*

HOWARD F. SINCLAIR

Somerset.   Opinion, February 12, 1951.

*George M. Davis,* for plaintiff.

*William F. Jude,* for defendant.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

FELLOWS, J. This is a petition, or motion, to correct an alleged error in a Superior Court record. The petition was denied, and exceptions taken to certain rulings. The exceptions are sustained.

The original action of trover for alleged conversion of pulpwood was tried in the Superior Court for Somerset County at the January term, 1950. A verdict was rendered by the jury in favor of the plaintiff. The defendant then filed a general motion for new trial intended for the Law Court, as he claims, and as the bill of exceptions states. The motion was handed to the presiding justice for the purpose of obtaining an extension of time for filing the transcript of evidence, as provided by Rule of Court. Rule 17, 129 Me. 509. The justice verbally granted an extension until the first of March, and then erroneously made, as the defendant claims, on the motion for new trial, the memorandum "Jan t 50, Motion Denied. Time for filing bill of exceptions extended to March 1st, 1950." This notation was signed by the justice presiding. The transcript of evidence was filed February 19, 1950. After filing the evidence and after learning of the docket entry, which was made by the Clerk of Courts from the notation, the defendant at the following term, in May 1950, filed this petition with the justice, who was then presiding, asking for a correction of the error made at the preceding January term. This pending petition (or motion) asks that a new and corrected entry be made as follows: "Motion for new trial filed. Time for filing transcript extended to March 1, 1950." This petition was denied and these pending exceptions taken. There was evidently no extended hearing on this petition for a correction, because the only evidence in the record is the petition itself, with an affidavit of the defendant's attorney certifying to the truth of the facts.

The bill of exceptions, now under consideration and allowed by the presiding justice as true, states that the defendant made a motion for new trial which was *intended*

for the Supreme Judicial Court sitting as a Law Court; that the motion for new trial was presented to the presiding justice "for the sole purpose of having the justice endorse thereon an extension of time for filing the transcript of evidence as provided by rules of court." . . . "Whereupon, the justice verbally granted an extension of time until the first day of March A. D. 1950" and then erroneously made the notation "Jan t 50, Motion Denied. Time for filing bill of exceptions extended to March 1st, 1950."

The justice presiding at the May term certifies to the truth of the statements and contentions in the pending bill of exceptions, R. S., (1944), Chap. 94, Sec. 14; *Bradford* v. *Davis*, 143 Me. 124, 56 Atl. (2nd) 68; *Field* v. *Gellerson*, 80 Me. 270, and for the purposes of this decision the Law Court is bound by the facts as so certified.

The motion for new trial filed at the January term was intended as a motion to the Law Court. It was presented to the presiding justice for one purpose only, viz.: to extend and fix the time for filing the evidence under the rule. He orally extended the time for filing the evidence to March first. It was not intended that the presiding justice should act upon the motion for new trial. The presiding justice erroneously acted on the motion for new trial, and wrote on the motion itself that it was denied and that exceptions were to be filed by March first.

The denial of motion for new trial by the presiding justice (when the motion is intended for him) is not exceptionable. See opinion in *Carroll* v. *Carroll*, 144 Me. 171, 66 Atl. (2nd) 809, in reference to the practice and to the form of motion for new trial, and the case of *Bodwell-Leighton Co.* v. *Coffin & Wimple*, 144 Me. 367, 69 Atl. (2nd) 567, holding that exceptions do not lie to denial of motion for new trial by presiding justice. See also R. S., (1944), Chap. 100, Sec. 60.

Five exceptions were taken at the hearing on this motion (or Petition) to correct the alleged error, but only the first

two exceptions need to be considered. The first ruling to which exception was taken was to the effect that the Superior Court has no inherent authority to correct its own errors, and the second, that the presiding justice at the next term after the alleged error was made cannot order a change or correction, even if the evidence proves an error to have been made.

Whether an erroneous record was actually made is of course a question of fact and this fact was apparently not determined in this case. The ruling was that the court had no authority to correct its own errors, or to correct its errors at a succeeding term, even if an error had been in fact made.

Judicial records that reflect the actions of a court must show what actually and truly occurred in that court. In the words of Lord Coke "records are memorials or remembrances, in rolls of parchment, of the proceedings and acts of a court of justice." The judgments of the court can only be evidenced by its records. The record as finally made should be correct. Judges and clerks, being human, necessarily make an occasional error through a mistake or a misunderstanding. Every court of record, therefore, has an inherent power, as well as a duty, to strike off entries (or to amend entries) made through error or mistake, even if made at some previous term, so long as the record of the case remains incomplete. When a *valid* and *final* judgment disposing of the pending action has been entered on the record, however, and the parties are out of court, the power of the court ceases. *Davis* v. *Cass*, 127 Me. 167, 142 A. 477; *Myers* v. *Levenseller,* 117 Me. 80, 102 A. 776; *Sawyer* v. *Bank,* 126 Me. 314, 138 A. 470. "It was certainly within the power of the court to vacate the judgment if satisfied that it had been entered erroneously," when no service and no appearance. *Hersey* v. *Weeman,* 120 Me. 256, 262; or improper judgment entered after the death of a party, *West* v. *Jordan,* 62 Me. 484. See also *Woodcock* v. *Parker*, 35 Me.

138; *Lothrop* v. *Page,* 26 Me. 119; *Lewis* v. *Ross,* 37 Me. 230; *Priest* v. *Axon,* 93 Me. 34.

After notice to the parties and hearing thereon, the Superior Court must determine the fact of whether or not the record when made was erroneous. If an error was in fact made, so that the record does not reflect the truth, the record should be amended accordingly. *Westbrook Trust Co.* v. *Swett,* 138 Me. 36; *Sawyer* v. *Bank,* 126 Me. 314.

*Exceptions sustained.*