CELANIRE GREGOIRE

*vs.*

ARTHUR J. LESIEUR

York.    March 15, 1951.

PER CURIAM.

In the Superior Court this case was "marked 'law,' " to use the words of R. S., 1944, Chap. 91, Sec. 14, and explain its presence on the docket of the Law Court, on the basis of a Bill of Exceptions, filed within thirty days after a judgment rendered in vacation by the justice who presided at the term thereof when the referees to whom it was referred filed their report, but never allowed by that justice. It alleges errors in his action in overruling objections to the report of the referees and accepting it, but was never presented to him for allowance. Another justice purported to allow the exceptions, as true, pursuant to R. S., 1944, Chap. 100, Sec. 39, after "due notice," as his certificate recites, to the defendant, as the adverse party.

In this State, in the first instance, a justice whose rulings are challenged by a bill of exceptions is as much a party to it as the litigants themselves. There are three parties to a bill of exceptions. *Shepard* v. *Hull,* 42 Me. 577; *Charles Cushman Co.* v. *Mackesy,* 135 Me. 294, 195 A. 365. The status of the justice whose rulings are challenged, or of some other authority acting in his stead, pursuant to statute, as noted *infra,* is such that a bill of exceptions not allowed by him, or such other authority, is not in order for consideration by the Law Court. *Manheim* v. *Carr,* 62 Me. 473. The extent of the authority of a justice over a bill of exceptions he is authorized to allow, in a variety of ways, is apparent by reference to *Field* v. *Gellerson,* 80 Me. 270, 14 A. 70; *Dunn* v. *Auburn Electric Motor Co.,* 92 Me. 165, 42 A. 389; and *Atwood* v. *New England Tel. & Tel. Co.,* 106

Me. 539, 76 A. 949. The fundamental reason for the principle is, as stated in the last cited case, because the justice who ruled should determine in the first instance what a bill of exceptions challenging his ruling should contain or omit.

The statutes protect parties seeking to prosecute exceptions to judicial rulings from the loss of their right when the justice making the rulings is unavailable, acts arbitrarily, or fails to act. R. S., 1944, Chap. 95, Sec. 51 authorizes any justice to allow a bill of exceptions involving the rulings of another, on motion, and "after notice and hearing," when that other is not available. R. S., 1944, Chap. 94, Sec. 14, and Rule 40 of the Rules of Court, adopted pursuant thereto, 129 Me. 503, 518, authorizes relief in the Law Court when a party is confronted with arbitrary action, or a failure to act.

To these statutes what is now R. S., 1944, Chap. 100, Sec. 39 was added by P. L., 1915, Chap. 305, when justices were given authority to render judgments in vacation. The 1915 law provided for the filing of exceptions to vacation judgments within such time as the justice entering them might order. This was changed by P. L., 1929, Chap. 234 to provide that bills of exceptions to such judgments should be filed within thirty days after the rendition of judgment "unless the time is further extended by any justice." The authority so conferred on "any justice" is limited to time extensions. It carries no power for allowing bills of exceptions.

The Bill of Exceptions which accounts for the entry of this case on the docket of the Law Court not having been allowed by the justice who made the rulings it alleges erroneous, or by any other authority having power to act in his stead, is not in order for consideration in the Law Court. Neither is it available for remand for the correction of errors under R. S., 1944, Chap. 91, Sec. 14. One of the limitations of that statute was declared in *Carroll* v. *Carroll*,

144 Me. 171, 66 A. (2nd) 809. Another is that no bill of exceptions can be remanded for the correction of errors by this court unless it came here allowed in some proper manner.

*Case dismissed*

*Lausier & Donahue,* for plaintiff.

*Simon Spill,* for defendant.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.